ORIGINAL FILED
07 SEP 12 AM 9:06
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

**LEWIS BRISBOIS BISGAARD & SMITH LLP**
PEGGY S. DOYLE, SB# 176483
TAL KORN, SB# 227719
One Sansome Street, Suite 1400
San Francisco, California 94104
Telephone: (415) 362-2580
Facsimile: (415) 434-0882

E-filing

Attorneys for Defendants
Cornell Corrections of California, Inc., erroneously served and sued herein as Cornell Corporation, Inc.; Maria Richard; Mike Reed, Dora Ford; Judith Henderson; Melody Daniel; and Rose Hughes

LEWIS BRISBOIS BISGAARD & SMITH LLP
ONE SANSOME STREET, SUITE 1400
SAN FRANCISCO, CALIFORNIA 94104
TELEPHONE (415) 362-2580

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT COURT OF CALIFORNIA

JORDAN ROSENBERG,

Plaintiff,

v.

CORNELL CORPORATION, INC., AND ASSOCIATED COMPANIES, MARIA RICHARD, DIRECTOR, MIKE REED, DIRECTOR, DORA FORD, CASE MANAGER, JUDITH HENDERSON, JOB DEVELOPER, MELODY DANIEL, JOB DEVELOPER, ROSE HUGHES, STAFF, DOES 1-100,

Defendants.

CASE NO. C 07 4690 PJH

**NOTICE OF REMOVAL OF ACTION TO UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA (28 U.S.C. § 1441(b)) – AND – JURY DEMAND**

**TO: THE CLERK OF THE ABOVE-ENTITLED COURT:**

PLEASE TAKE NOTICE that defendants Cornell Corrections of California, Inc., erroneously served and sued herein as Cornell Corporation, Inc., Maria Richard, Mike Reed, Dora Ford, Judith Henderson, Melody Daniel, and Rose Hughes hereby unanimously remove to this Court the state court action described below.

1. **Complaint**: On January 17, 2007, an action was commenced in the Superior Court of the State of California, in and for the County of San Francisco, entitled Jordan Rosenberg

F9-12-07

v. Cornell Corporation, Inc., et al., Case No. CGC-07-459757, a copy of which is attached as **EXHIBIT A.**

2. The complaint was not served on any defendant.

3. **First Amended Complaint:** On May 15, 2007, plaintiff Jordan Rosenberg filed a first amended complaint in the above state court action, a copy of which is attached as **EXHIBIT B.**

4. Defendant Maria Richard was personally served with summons and the first amended complaint on August 6, 2007; defendant Cornell Corrections of California, Inc., erroneously served and sued herein as Cornell Corporation, Inc., was improperly served with the same documents on August 6, 2007; and defendants Mike Reed, Dora Ford, Judith Henderson, Melody Daniel, and Rose Hughes were served with the same documents by substituted service on August 14, 2007. Removal is timely under the "last served" rule of Ford v. New United Motors Manufacturing, Inc., 857 F.Supp. 707 (N.D. Cal. 1994). A copy of the summons served by substituted service on defendant Rose Hughes is attached as **EXHIBIT C.**

5. **Jurisdiction:** This is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332 and one which may be removed to this Court pursuant to 28 U.S.C. § 1441(b) in that it is based on federal law, e.g., the first amended complaint alleges "a 'Bivens' action, aris[ing] in part from violations of plaintiff's rights under the US Constitution, federal law, and federal regulations. (Bivens v. Six unknown fed. Narcotics agents, 403 U.S. 388 (1971)." See first amended complaint, 2:10-12, EXHIBIT B.

6. **Intradistrict assignment:** Removal to the San Francisco division of the Northern District of California is proper under 28 U.S.C. § 1441(a) because it is the district and division in which the state court action was commenced and is pending. Removal to the San Francisco division or the Oakland division is also proper under Northern District Court Local Rules 3-2 and 3-5.

7. Defendant has provided plaintiff with a copy of this Notice of Removal as required by law. Attached as **EXHIBIT D** is a copy of defendant's Certificate of Service.

///

LEWIS BRISBOIS BISGAARD & SMITH LLP
ONE SANSOME STREET, SUITE 1400
SAN FRANCISCO, CALIFORNIA 94104
TELEPHONE (415) 362-2580

8. A copy of this Notice of Removal is also being filed with the Clerk of the Superior Court of California for San Francisco County, where this action was originally filed. A copy of defendant's notice is attached hereto as **EXHIBIT E**.

9. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, defendants hereby demand a trial by jury.

DATED: September 12, 2007

LEWIS BRISBOIS BISGAARD & SMITH LLP

By ______________________________
Peggy S. Doyle
Attorneys for Defendants

LEWIS BRISBOIS BISGAARD & SMITH LLP
ONE SANSOME STREET, SUITE 1400
SAN FRANCISCO, CALIFORNIA 94104
TELEPHONE (415) 362-2580

# EXHIBIT A

Jordan Rosenberg
601 Van Ness #E3-219
San Francisco 94102
J94102@yahoo.com
Fax 206-203-4321
Plaintiff
In Pro Per

ENDORSED
FILED
San Francisco County Superior Court
MAY 15 2007
GORDON PARK-LI, Clerk
BY: WESLEY RAMIREZ
Deputy Clerk

SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN FRANCISCO

| | |
|---|---|
| Jordan Rosenberg,<br><br>Plaintiff<br><br>Vs<br><br>Cornell Corporation, Inc,<br>And Associated Companies<br><br>Maria Richard, Director,<br><br>Mike Reed, Director,<br><br>Dora Ford, Case Manager<br><br>Judith Henderson, Job Developer,<br><br>Melody Daniel, Job Developer,<br><br>Rose Hughes, Staff,<br><br>Does 1-100,<br><br>Defendants | COMPLAINT (FIRST AMENDED) FOR CIVIL RIGHTS VIOLATIONS<br><br>Case Number CGC-07-459757 |

Venue – The events and actions took place in San Francisco.

Plaintiff Rosenberg at all relevant times resided at defendant Cornell's halfway house at 111 Taylor in San Francisco 94102 following his release from federal prison. The other defendants are staff at the halfway house. The authority held by defendants over plaintiff was delegated by virtue of their employment by or contract with federal agencies and so they acted under color of law.

Rosenberg has attempted to resolve these matters with defendants Cornell and staff all to no avail. Rosenberg has brought complaints about staff action to management and/or supervisors who have in every case refused to aid Rosenberg.

This complaint, a "Bivens" action, arises in part from violations of plaintiff's rights under the US Constitution, federal law, and federal regulations. (Bivens v. Six unknown fed. narcotics agents, 403 U.S. 388 (1971) )

For each claim, defendants acted willfully with oppression, fraud, and malice.

All the facts alleged in any part of this complaint are incorporated in every other part of the complaint.

Plaintiff will amend this complaint with the names of the Doe defendants as they become known.

FIRST

While residing at Cornell halfway house, Plaintiff Rosenberg was forbidden to leave the house without permission. Rosenberg sought the permission of Defendant Dora Ford to go to the law library to research and prepare a complaint and application for tro/preliminary injunction to correct violations of Rosenberg's rights detailed below. Ford sometimes completely refused, sometimes severely limited Rosenberg's access to the law library. Ford similarly limited Rosenberg's visits to the court. Rosenberg applied to defendants Richard and Reed to overrule Ford. They refused. There was no rule or regulation limiting Rosenberg's access to the law library.

Defendants actions deprived Rosenberg of access to the courts, a basic civil right. As a result Rosenberg was not able to file a timely case thus forever denying Rosenberg remedies that would otherwise have been available to him.

SECOND

During two actual fires, where the local fire department was called and responded, and two fire drills, defendants required that plaintiff Rosenberg line up along side the burning building. This is an unsafe practice that put Rosenberg's life at risk without reason. Defendants ignored Rosenberg's protest about this practice.

As a result of defendant's actions Rosenberg's life was pointlessly put at risk.

Rosenberg has a right to be protected from needless risks to his life caused by Defendants, a right that was violated by defendant's actions.

THIRD

On one occasion that turned out to be a fire drill, and not an actual fire, a fact then unknown to Rosenberg, Rosenberg attempted to protect himself from proximity to the burning building by moving away from it. Defendant Hughes filed a complaint about Rosenberg's action that resulted in his being punished for his action to protect his life. Punishing Rosenberg for actions to protect his life when defendants have put his life needlessly at risk is a violation of Rosenberg's civil rights.

FOURTH

Rosenberg was given 10 hours of punishment duties (above). After he performed those duties, defendant Reed assigned Rosenberg additional punishment duties. When Rosenberg told Reed that he had completed his punishment duties Reed told Rosenberg that this didn't count because the performance of the duties had not been recorded in defendant's records. Rosenberg had not been told anything about such recording and in any case could not compel staff to make such records. Reed required Rosenberg to perform additional duties and then refused to record them, too.

Arbitrary and unlimited punishment by defendants is a denial of Rosenberg's civil rights.

FIFTH

Cornell confiscated Rosenberg's medicines. Rosenberg asked for their immediate return. Rosenberg needed the medicines and there was no reason for Cornell to keep them from him. Defendant Reed instructed staff to ignore Rosenberg's request and to return the medicines "at your leisure". Rosenberg received the medicines 10 days later.

Denying Rosenberg medical care is a violation of his civil rights.

SIXTH

Rosenberg was housed in a room with bedbugs. Cornell took no timely action to free the facility of bedbugs. When Rosenberg attempted to use bug spray to kill the bedbugs, Cornell confiscated the bug spray. Cornell violated Rosenberg's right to live in a clean facility free of bedbugs.

SEVENTH

Cornell residents are confined to the facility except for specific occasions and permissions to leave. For a period of weeks Rosenberg was entitled to one hour a day of recreation time. Defendants Henderson and Daniel miscalculated Rosenberg's recreation days and together with defendant Ford denied Rosenberg two hours of recreation. Henderson and Daniel refused to correct their calculation when advised of it by Rosenberg. When Rosenberg called this to the attention of defendant Reed he ignored Rosenberg's claims and denied

Rosenberg his recreation time. Rosenberg has a right to be treated according to house rules and to be treated as other residents are. These rights were violated by defendants.

EIGHTH

Cornell residents are required to find employment for 40 hours per week while in residence at Cornell. Cornell receives 25% of the gross paycheck of every resident. Cornell punishes residents who fail to find such employment.

Defendants Henderson and Daniel, staff job developers, have the specific responsibility to assist residents in finding employment. These defendants hindered Rosenberg in his employment search by refusing to allow him to go the library to review newspaper employment ads or to use library internet computers to search for employment ads. There are no newspapers or internet computers available at Cornell. These defendants kept secret the identities of employers that commonly hire Cornell residents until, late in the game, Rosenberg was able to obtain them. Target, in particular, was hiring Cornell residents for extra holiday staff. By the time Rosenberg got this information from defendants Target had completed its hiring.

As a result of defendants actions Rosenberg was not able to find 40 hour per week employment although he did find two part time jobs. Rosenberg was punished by Cornell for not meeting their employment requirements. Rosenberg has a right to receive all the assistance that staff can provide and to receive the same assistance made available to other residents. This right was violated by defendants.

NINETH

Rosenberg applied to defendant Ford for permission to purchase hygiene items (soap, toothpaste,vitamins, etc). Ford repeatedly denied Rosenberg's requests. Rosenberg, like other Cornell residents, has the right to purchase basic necessities not supplied by Cornell. Ford's refusal, without reason, to allow Rosenberg to make these purchases is a violation of Rosenberg's rights.

TENTH

Cornell has repeatedly treated Rosenberg in an arbitrary manner not prescribed by rules and regulations and not consistent with the treatment accorded other residents. Arbitrary treatment is a violation of Rosenberg's rights.

RELIEF

Rosenberg seeks:

Restitution

Compensatory damages

Punitive damages

Combined monetary relief not less than $10,000,000.00

Declaratory relief

Injunctive relief

Any other relief the Court may find fit to provide.

Rosenberg knows the factual statements herein to be true based on his own experience except where they are based on information and belief and there Rosenberg believes them to be true. Rosenberg's factual statements are made under penalty of perjury. He is willing to so testify in court under oath.

Respectfully,

Jordan Rosenberg

Plaintiff/Petitioner

# EXHIBIT B

FILED
San Francisco County Superior Court

JAN 1 9 2007

GORDON PARK-LI, Clerk
CASE MANAGEMENT CONFERENCE SET
Deputy Clerk

Jordan Rosenberg
601 Van Ness #E3-219
San Francisco 94102
J94102@yahoo.com
Plaintiff
In Pro Per

JUN 2 2 2007 -9 00 AM

DEPARTMENT 212

NO SUMMONS ISSUED

SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN FRANCISCO CGC07- 459757

| | |
|---|---|
| Jordan Rosenberg,<br><br>Plaintiff<br><br>Vs<br><br>Cornell Corporation, Inc,<br>And Associated Companies<br><br>Maria Richard, Director,<br><br>Mike Reed, Director,<br><br>Dora Ford, Case Manager<br><br>Judith Henderson, Job Developer,<br><br>Melody Daniel, Job Developer,<br><br>Rose Hughes, Staff | COMPLAINT; For Damages ~~DEMAND FOR JURY TRIAL~~ For Civil Rights Violation<br><br>Case Number |

Venue – The events and actions took place in San Francisco.

Plaintiff Rosenberg has since 10/24/06 resided at defendant Cornell's halfway house at 111 Taylor in San Francisco following his release from federal prison. The other defendants are staff at the halfway house.

Rosenberg has attempted to resolve these matters with defendants Cornell and staff all to no avail.

This complaint, a "Bivens" action, arises from violations of plaintiff's rights under the US Constitution, federal law, and federal regulations

FIRST

Rosenberg has resided at Cornell halfway house about a month. In that time there was one fire, requiring a response from several fire trucks, and one fire drill. During the fire and the fire drill, Cornell staff evacuated the building and compelled residents to line up along the side of the burning building. Rosenberg has pointed out to Cornell management that this is madness. Rosenberg has requested Cornell management to move staff to a safe location, say, across the street. Cornell refused.

While in Cornell's custody while under Cornell's control, Rosenberg has a right to be kept safe. Cornell, acting under color of law, has, through malice and oppression, violated that right and exhibited deliberate indifference to Rosenberg's safety by requiring him to line up next to a burning building. Rosenberg has been harmed by being made to stand next to a burning building under threat of punishment if he doesn't. Rosenberg seeks compensatory and punitive damages and an end to the offending practices.

SECOND

When residents arrive at Cornell they are confined to the residence for the first three days. Here days always mean business days unless otherwise noted. Then they are permitted to leave the residence on business days to seek employment and for one hour each calendar day for recreation. Residents who do not find full time employment (40 hours/week) within 15 days are punished in a variety of ways including loss of recreation privileges.

When Rosenberg met with Melody Daniel at the beginning of the 15 day period he refused to sign a document that had miscalculated the 15 day period. Ms. Daniel was furious and refused to listen to Rosenberg. Later, 11/9/06 Rosenberg wrote to the Job Developers, Melody Daniel and Judith Henderson, pointing out that 11/10/06 was a holiday and asking for recalculation of the 15 day period. Rosenberg received a written but unsigned acknowledgement, presumably from Melody Daniel but possibly from Judith Henderson, correcting the calculation of his 15 day period and verifying that it ended 11/20/06. Nevertheless Rosenberg was denied his recreation hour on 11/19/06 and 11/20/06. Some person had made a handwritten notation on the list of those eligible for recreation next to Rosenberg's name that said "no rec". One defendant told Rosenberg the note was written by Dora Ford. Rosenberg attempted to explain the situation to staff. He even showed the correcting note to staff. But staff refused to accept it because it was unsigned. Staff, at Rosenberg's request, called Mike Reed who also refused to allow recreation.

While Rosenberg is under Cornell's control he has a due process right to be treated in accordance with regulations. Cornell's willful refusal, resulting from malice and oppression, acting under color of law, to follow its own and the Bureau of Prisons' regulations have harmed Rosenberg by denying him access to deserved recreation despite knowing that their actions are

inconsistent with regulations. Rosenberg seeks restitution, compensatory and punitive damages, and an end to the offending practices.

THIRD

On Saturday 11/25/06 Rosenberg tried to go to the county law library at 685 Market from 9:00am to 12:30. He was permitted to go but only for half that time. He also tried to go Sunday 11/26/06 from 2:30pm to 4:00 but this request was denied altogether. There is no reason for these denials. There are no rules forbidding residents to go to libraries, law or otherwise. On these days and time residents are routinely allowed to go to work, to go to recreation, to shop for hygiene supplies, and to attend religious services. On 11/30/06 Dora Ford told Rosenberg that this was being done because that's the way Maria Richard has always done it. Rosenberg has been denied access to the law library on many subsequent occasions.

Access to the Courts is a fundamental right without which all others cannot be defended. As a result of their malice and oppression, Defendants, acting under color of law, willfully denied Rosenberg the exercise of this right. Rosenberg seeks compensatory and punitive damages and an end to the offending practices.

FOURTH

Rosenberg requests a jury trial.

RELIEF

Rosenberg seeks:

Restitution

Compensatory damages

Punitive damages

Declaratory relief

Injunctive relief

Any other relief the Court may find fit to provide.

Rosenberg knows the factual statements herein to be true based on his own experience except where they are based on information and belief and there Rosenberg believes them to be true. Rosenberg's factual statements are made under penalty of perjury. He is willing to so testify in court under oath.

Respectfully,

Jordan Rosenberg

Plaintiff/Petitioner

# EXHIBIT C

Sheriff's File
07-344824

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)
RECEIVED
AUG 17 2007
By ______

**NOTICE TO DEFENDANT:** ***(Aviso a Acusado)***
Cornell Corporation INC + Associated Companies
Maria Richard Director
Mike Reed Director
Dora Ford Case Manager
Judith Henderson Job Developer
Melody Daniel Job Developer
Rose Hughes Staff

**YOU ARE BEING SUED BY PLAINTIFF:**
***(A Ud. le está demandando)***
Jordan Rosenberg

| | |
|---|---|
| **You have *30 CALENDAR DAYS* after this summons is served on you to file a typewritten response at this court.** | ***Después de que le entreguen esta citación judicial usted tiene un plazo de 30 DIAS CALENDARIOS para presentar una respuesta escrita a máquina en esta corte.*** |
| **A letter or phone call will not protect you; your typewritten response must be in proper legal form if you want the court to hear your case.** | ***Una carta o una llamada telefónica no le ofrecerá protección; su respuesta escrita a máquina tiene que cumplir con las formalidades legales apropiadas si usted quiere que la corte escuche su caso.*** |
| **If you do not file your response on time, you may lose the case, and your wages, money and property may be taken without further warning from the court.** | ***Si usted no presenta su respuesta a tiempo, puede perder el caso, y le pueden quitar su salario, su dinero y otras cosas de su propiedad sin aviso adicional por parte de la corte*** |
| **There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referal service or a legal aid office (listed in the phone book).** | ***Existen otros requisitos legales. Puede que usted quiera llamar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de referencia de abogados o a una oficina de ayuda legal (vea el directorio telefónico).*** |

The name and address of the court is: *(El nombre y dirección de la corte es)*
SF Superior Court
400 McAllister
SF 94102

CASE NUMBER: *(Número del Caso)*
CGC-07-459757

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es)*
Jordan Rosenberg, 601 Van Ness E3-219, San Francisco 94102
phone and fax 206-203-4321, J94102@Yahoo.com

DATE: *(Fecha)* MAY 10 2007 Gordon Park-Li Clerk, by *(Actuario)* BERNADETTE THOMPSON, Deputy *(Delegado)*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☐ on behalf of *(specify)*:

under: ☐ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (individual)
☐ other:

4. ☐ by personal delivery on *(date)*:

Form Adopted by Rule 982
Judicial Council of California
982(a)(9) [Rev. January 1, 1984]
Mandatory Form

**(See reverse for Proof of Service)**
**SUMMONS**

Stratton Press

CCP 412.20

# EXHIBIT D

**LEWIS BRISBOIS BISGAARD & SMITH LLP**
PEGGY S. DOYLE, SB# 176483
TAL KORN, SB# 227719
One Sansome Street, Suite 1400
San Francisco, California 94104
Telephone: (415) 362-2580
Facsimile: (415) 434-0882

Attorneys for Defendants
Cornell Corrections of California, Inc., erroneously served and sued herein as Cornell Corporation, Inc., Maria Richard, Mike Reed, Dora Ford, Judith Henderson, Melody Daniel, and Rose Hughes

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT COURT OF CALIFORNIA

| | |
|---|---|
| JORDAN ROSENBERG,<br><br>Plaintiff,<br><br>v.<br><br>CORNELL CORPORATION, INC., AND ASSOCIATED COMPANIES, MARIA RICHARD, DIRECTOR, MIKE REED, DIRECTOR, DORA FORD, CASE MANAGER, JUDITH HENDERSON, JOB DEVELOPER, MELODY DANIEL, JOB DEVELOPER, ROSE HUGHES, STAFF, Does 1-100,<br><br>Defendants. | CASE NO. ____________________<br><br>**CERTIFICATE OF SERVICE OF NOTICE TO ADVERSE PARTY OF REMOVAL TO FEDERAL COURT** |

Anna Villanueva certifies and declares as follows:

1. I am over the age of 18 years and not a party to this action.

2. My business address is Lewis Brisbois Bisgaard & Smith, LLP, One Sansome Street, Suite 1400, San Francisco, CA 94104, which is located in the city, county, and state where the mailing described below took place.

3. On September 12, 2007, I deposited in the United States Mail at San Francisco, California, a copy of the NOTICE TO ADVERSE PARTY OF REMOVAL TO FEDERAL COURT dated September 12, 2007, a copy of which is attached to this Certificate.

LEWIS BRISBOIS BISGAARD & SMITH LLP
ONE SANSOME STREET, SUITE 1400
SAN FRANCISCO, CALIFORNIA 94104
TELEPHONE (415) 362-2580

I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 12, 2007.

Anna Villanueva

LEWIS BRISBOIS BISGAARD & SMITH LLP
ONE SANSOME STREET, SUITE 1400
SAN FRANCISCO, CALIFORNIA 94104
TELEPHONE (415) 362-2580

# EXHIBIT E

**LEWIS BRISBOIS BISGAARD & SMITH LLP**
PEGGY S. DOYLE, SB# 176483
TAL KORN, SB# 227719
One Sansome Street, Suite 1400
San Francisco, California 94104
Telephone: (415) 362-2580
Facsimile: (415) 434-0882

Attorneys for Defendants
Cornell Corrections of California, Inc., erroneously served and sued herein as Cornell Corporation, Inc., Maria Richard, Mike Reed, Dora Ford, Judith Henderson, Melody Daniel, and Rose Hughes

LEWIS BRISBOIS BISGAARD & SMITH LLP
ONE SANSOME STREET, SUITE 1400
SAN FRANCISCO, CALIFORNIA 94104
TELEPHONE (415) 362-2580

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN FRANCISCO

| | |
|---|---|
| JORDAN ROSENBERG,<br><br>Plaintiff,<br><br>v.<br><br>CORNELL CORPORATION, INC., AND ASSOCIATED COMPANIES, MARIA RICHARD, DIRECTOR, MIKE REED, DIRECTOR, DORA FORD, CASE MANAGER, JUDITH HENDERSON, JOB DEVELOPER, MELODY DANIEL, JOB DEVELOPER, ROSE HUGHES, STAFF, DOES 1-100,<br><br>Defendants. | CASE NO. CGC-07-459757<br><br>**NOTICE TO ADVERSE PARTY OF REMOVAL TO FEDERAL COURT** |

**TO: THE ABOVE COURT AND PLAINTIFF PRO PER JORDAN ROSENBERG:**

PLEASE TAKE NOTICE that a Notice of Removal of the above-entitled action was filed in the United States District Court, in and for the Northern District of California, on September 12, 2007. A copy of said Notice of Removal is attached hereto and served herewith.

DATED: September 12, 2007

LEWIS BRISBOIS BISGAARD & SMITH LLP

By ______________________
PEGGY S. DOYLE
Attorneys for Defendants

**PROOF OF SERVICE**
*Rosenberg v. Cornell*

STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO

I am employed in the County of San Francisco, State of California. I am over the age of 18 and not a party to the within action. My business address is One Sansome Street, Suite 1400, San Francisco, California 94104.

On September 11, 2007, I served the following document described as **NOTICE OF REMOVAL OF ACTION TO UNTIED STATED DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA AND JURY DEMAND** on all interested parties in this action by placing [X] a true copy [ ] the original thereof enclosed in sealed envelopes addressed as follows:

| | |
|---|---|
| ROSENBERG, JORDAN<br>601 VAN NESS AVENUE #E3-219<br>SAN FRANCISCO, CA 94102 | Pro per plaintiff |

[ ] (BY FACSIMILE) The facsimile machine I used complied with Rule 2003(3) and no error was reported by the machine. Pursuant to Rule 2008(e)(4), I caused the machine to print a record of the transmission.

[X] (BY MAIL, 1013a, 2015.5 C.C.P.)

[ ] I deposited such envelope in the mail at San Francisco, California. The envelope was mailed with postage thereon fully prepaid.

[X] I am readily familiar with the firm's practice for collection and processing correspondence for mailing. Under that practice, this document will be deposited with the U.S. Postal Service on this date with postage thereon fully prepaid at San Francisco, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[X] (STATE) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

[ ] (FEDERAL) I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on September 12, 2007, at San Francisco, California.

Anna Villanueva

LEWIS BRISBOIS BISGAARD & SMITH LLP
ONE SANSOME STREET, SUITE 1400
SAN FRANCISCO, CALIFORNIA 94104
TELEPHONE (415) 362-2580