**LEWIS BRISBOIS BISGAARD & SMITH LLP**
PEGGY S. DOYLE, SB# 176483
TAL KORN, SB# 227719
One Sansome Street, Suite 1400
San Francisco, California 94104
Telephone: (415) 362-2580
Facsimile: (415) 434-0882

Attorneys for Defendants
Cornell Corrections of California, Inc., erroneously
served and sued herein as Cornell Corporation, Inc.,
Maria Richard, Mike Reed, Dora Ford, Judith
Henderson, Melody Daniel, and Rose Hughes

ORIGINAL FILED
07 SEP 13 AM 10:48
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT COURT OF CALIFORNIA

| | |
|---|---|
| JORDAN ROSENBERG,<br><br>    Plaintiff,<br><br>v.<br><br>CORNELL CORPORATION, INC., AND ASSOCIATED COMPANIES, MARIA RICHARD, DIRECTOR, MIKE REED, DIRECTOR, DORA FORD, CASE MANAGER, JUDITH HENDERSON, JOB DEVELOPER, MELODY DANIEL, JOB DEVELOPER, ROSE HUGHES, STAFF, DOES 1-100,<br><br>    Defendants. | CASE NO. C-07-4690-PJH<br><br>**DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT AND**<br><br>**DEMAND FOR JURY** |

COME NOW defendants Cornell Corrections of California, Inc., erroneously served and sued herein as Cornell Corporation, Inc., Maria Richard, Mike Reed, Dora Ford, Judith Henderson, Melody Daniel, and Rose Hughes ("defendants"), and in answer to the Complaint (First Amended) For Civil Rights Violations ("complaint") filed by plaintiff Jordan Rosenberg ("plaintiff") in the above-entitled action, allege as follows:

    1.    Answering the allegation set forth in the first paragraph on page 2, line 1, defendants admit said allegation.

2. Answering the allegations set forth in the first and second sentences of the second paragraph on page 2, lines 2-4, defendants admit said allegations with the clarification that the defendants were staff at Cornell's facility in San Francisco, California, at the time of the matters alleged in the complaint.

3. Answering the allegations set forth in the third sentence of the second paragraph on page 2, lines 4-6, defendants are without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, deny said allegations.

4. Answering the allegations set forth in the third paragraph on page 2, lines 7-9, defendants admit that plaintiff complained to various individuals about various matters regarding conditions at Cornell's facility during his residence at the facility. As to the remaining allegations, defendants are without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, deny said allegations.

5 Answering the allegations set forth in the fourth paragraph on page 2, lines 10-12, defendants are without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, deny said allegations.

6. Answering the allegations set forth in the fifth paragraph on page 2, line 13, defendants deny each and every allegation contained therein.

7. Answering the allegations set forth in the sixth paragraph on page 2, lines 14-15, defendants incorporate by reference their responses to each incorporated paragraph as though fully set forth at length herein.

8. Answering the allegations set forth in the seventh paragraph on page 2, lines 16-17, defendants are without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, deny said allegations.

**FIRST**

9. Answering the allegations set forth in the first and second paragraphs on page 3, lines 2-12, defendants deny that they violated the plaintiff's civil rights. As to the remaining allegations, defendants are without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, deny said allegations.

**SECOND**

10.  Answering the allegations set forth in the third and fourth paragraphs on page 3, lines 14-18, and the first paragraph on page 4, lines 1-2, defendants deny that they engaged in unsafe practices, deny that they put plaintiff's life at risk, and deny that they violated the plaintiff's rights. As to the remaining allegations, defendants are without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, deny said allegations.

**THIRD**

11.  Answering the allegations set forth in the second paragraph on page 4, lines 4-9, defendants deny that they put plaintiff's life at risk and deny that they violated the plaintiff's rights. As to the remaining allegations, defendants are without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, deny said allegations.

**FOURTH**

12.  Answering the allegations set forth in the third and fourth paragraphs on page 4, lines 11-18, defendants deny that they engaged in unsafe practices, deny that they unreasonably put plaintiff's life at risk, and deny that they violated the plaintiff's rights. As to the remaining allegations, defendants are without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, deny said allegations.

**FIFTH**

13.  Answering the allegations set forth in the first and second paragraphs on page 5, lines 2-6, defendants deny that they deprived the plaintiff of medically necessary medication or treatment and deny that they violated the plaintiff's rights. As to the remaining allegations, defendants are without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, deny said allegations.

**SIXTH**

14.  Answering the allegations set forth in the third paragraph on page 5, lines 8-11, defendants deny that they failed to provide a reasonably clean facility and deny that they violated

the plaintiff's rights. As to the remaining allegations, defendants are without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, deny said allegations.

### SEVENTH

15. Answering the allegations set forth in the fourth paragraph on page 5, lines 13-18, and the first paragraph on page 6, lines 1-2, defendants deny that the plaintiff was given less recreation time than he was entitled to receive, deny that he was treated inconsistent with house rules, deny that he was treated differently than other similarly situated residents, and deny that they violated the plaintiff's rights. As to the remaining allegations, defendants are without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, deny said allegations.

### EIGHTH

16. Answering the allegations set forth in the second paragraph on page 6, lines 4-6, defendants admit that there were employment requirements for residents of Cornell's facility and that, under certain circumstances, there were ramifications when a resident failed to secure employment. As to the remaining allegations, defendants deny each and every allegation contained therein.

17. Answering the allegations set forth in the third paragraph on page 6, lines 7-14, defendants are without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, deny said allegations.

18. Answering the allegations set forth in the fourth paragraph on page 6, lines 15-19, defendants deny that the plaintiff was "punished," deny that he failed to receive the level of assistance he was entitled to receive, deny that he failed to receive the same assistance as other similarly situated inmates, and deny that they violated the plaintiff's rights. As to the remaining allegations, defendants are without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, deny said allegations.

///
///

**NINTH**

19. Answering the allegations set forth in the first paragraph on page 7, lines 2-6, defendants deny that they deprived the plaintiff of hygiene products he was entitled to maintain at Cornell's facility and deny that they violated the plaintiff's rights. As to the remaining allegations, defendants are without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, deny said allegations.

**TENTH**

20. Answering the allegations set forth in the second paragraph on page 7, lines 8-10, defendants deny that they treated the plaintiff in an arbitrary manner and deny that they violated the plaintiff's rights. As to the remaining allegations, defendants are without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, deny said allegations.

**RELIEF**

21. Answering the requests for relief set forth on page 7, lines 12-19, defendants deny each and every request contained therein.

**AFFIRMATIVE DEFENSES**

**FIRST – FAILURE TO STATE A CLAIM**

22. Defendants are informed and believe and thereon allege that the complaint, and each cause of action thereof, fails to state facts sufficient to constitute a cause of action against defendants.

**SECOND – PLAINTIFF'S COMPARATIVE FAULT**

23. Defendants are informed and believe and thereon allege that if the plaintiff was injured or damaged in the manner set forth in the complaint, he engaged in negligent, reckless, and/or intentional acts in and about said matters; that said conduct proximately caused and contributed to the incident and his claimed damages, and that the plaintiff should be barred from recovering those damages attributable to his proportionate share of fault pursuant to the doctrine of comparative negligence.

///

### THIRD – COMPARATIVE FAULT OF OTHERS

24. Defendants are informed and believe and thereon allege other persons and entities were responsible for the plaintiff's damages, if any there were, and defendants' liability, if any, should be reduced proportionate to their share of said liability.

### FOURTH – FAILURE TO MITIGATE DAMAGES

25. Defendants are informed and believe and thereon allege that the plaintiff failed to take proper and reasonable steps to avoid or mitigate the damages alleged in the complaint, and any recovery by plaintiff must therefore be reduced to the extent of his failure to mitigate or avoid damages.

### FIFTH – STATUTE OF LIMITATIONS

26. Defendants are informed and believe and thereon allege that the complaint, and each cause of action therein, is barred by the applicable statute of limitations.

### SIXTH – IMMUNITY OF DEFENDANTS CORNELL AND OFFICIAL CAPACITY DEFENDANTS

27. Defendants are informed and believe and thereon allege that if defendant Cornell Corrections of California, Inc., and any or all of the individually named defendants sued in their official capacity are found to have acted under color of law, said defendants are immune from federal and state civil rights actions, including, but not limited to, pursuant to <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971).

### SEVENTH – IMMUNITY OF PERSONAL CAPACITY DEFENDANTS

28. Defendants are informed and believe and thereon allege that if any or all of the individually named defendants sued in their personal capacity are found to have acted under color of law, said defendants are entitled to qualified immunity pursuant to federal and state law.

### EIGHTH – NO PUNITIVE DAMAGES AGAINST CORNELL

29. Defendants are informed and believe and thereon allege that defendant Cornell Corrections of California, Inc., is immune from punitive damages pursuant to federal and state law.

///

### NINTH – FAILURE TO STATE CLAIM FOR PUNITIVE DAMAGES

30. Defendants are informed and believe and thereon allege that the complaint fails to state facts sufficient to constitute a claim for punitive damages.

### TENTH – NO EXCESSIVE FINES

31. Defendants are informed and believe and thereon allege that the claim for punitive damages set forth in the complaint violates defendants' right to protection from excess fines as provided in the Eighth Amendment of the United States Constitution and further violates defendants' right to substantive due process as provided in the Fifth and Fourteenth Amendments of the United States Constitution and in the California Constitution.

### ELEVENTH – MOOT

32. Defendants are informed and believe and thereon allege that the plaintiff's claims are moot.

### TWELFTH – KNOWN DEFENSES

33. Defendants presently have insufficient knowledge or information on which to form a belief as to whether they may have additional as yet unstated defenses available. Defendants reserve the right to assert additional defenses in the event discovery indicates they would be appropriate.

WHEREFORE, defendants pray for judgment as follows:

1. That plaintiff take nothing by way of his complaint and that judgment be entered in favor of defendants;

2. For attorney fee's and costs pursuant to 42 U.S.C. § 1988;

3. For costs of suit incurred herein; and

4. For such other and further relief as the Court deems just and proper.

DATED: September 12, 2007

LEWIS BRISBOIS BISGAARD & SMITH LLP

By _____
PEGGY S. DOYLE
Attorneys for Defendants

# PROOF OF SERVICE
*Rosenberg v. Cornell*

STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO

I am employed in the County of San Francisco, State of California. I am over the age of 18 and not a party to the within action. My business address is One Sansome Street, Suite 1400, San Francisco, California 94104.

On September 12, 2007, I served the following document described as **DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT AND DEMAND FOR JURY** on all interested parties in this action by placing [X] a true copy [ ] the original thereof enclosed in sealed envelopes addressed as follows:

| ROSENBERG, JORDAN<br>601 VAN NESS AVENUE #E3-219<br>SAN FRANCISCO, CA 94102 | Pro per plaintiff |
|---|---|

[ ]   (BY FACSIMILE) The facsimile machine I used complied with Rule 2003(3) and no error was reported by the machine. Pursuant to Rule 2008(e)(4), I caused the machine to print a record of the transmission.

[X]   (BY MAIL, 1013a, 2015.5 C.C.P.)

[ ]   I deposited such envelope in the mail at San Francisco, California. The envelope was mailed with postage thereon fully prepaid.

[X]   I am readily familiar with the firm's practice for collection and processing correspondence for mailing. Under that practice, this document will be deposited with the U.S. Postal Service on this date with postage thereon fully prepaid at San Francisco, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[X]   (STATE) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

[ ]   (FEDERAL) I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on September 12, 2007, at San Francisco, California.



Anna Villanueva

4832-1926-8865.1

PROOF OF SERVICE