1   **LEWIS BRISBOIS BISGAARD & SMITH LLP**
    Robert A. Ford, SB# 056311
2   One Sansome Street, Suite 1400
    San Francisco, California 94104
3   Telephone: (415) 362-2580
    Facsimile: (415) 434-0882
4
    Attorneys for Defendants
5   Cornell Corrections of California, Inc., erroneously
    served and sued herein as Cornell Corporation, Inc.,
6   Maria Richard, Mike Reed, Dora Ford, Judith
    Henderson, Melody Daniel, and Rose Hughes
7

8                      UNITED STATES DISTRICT COURT
9
                   NORTHERN DISTRICT COURT OF CALIFORNIA
10

11
    JORDAN ROSENBERG,                    )  CASE NO. CV 07-4690 PJH
12                                        )
          Plaintiff,                      )
13                                        )
          v.                              )  **DEFENDANTS' OPPOSITION TO**
14                                        )  **PLAINTIFF'S MOTION TO REMAND**
    CORNELL CORPORATION, INC., AND        )
15  ASSOCIATED COMPANIES, MARIA           )
    RICHARD, DIRECTOR, MIKE REED,         )  Hearing Date:  December 5, 2007
16  DIRECTOR, DORA FORD, CASE             )  Hearing Time:  9:00 a.m.
    MANAGER, JUDITH HENDERSON, JOB        )  Hearing Dept:  3
17  DEVELOPER, MELODY DANIEL, JOB         )
    DEVELOPER, ROSE HUGHES, STAFF,        )
18  DOES 1-100,                           )
                                          )
19        Defendants.                     )
                                          )
20  _____)

21        Defendants respectfully submit the following Opposition to plaintiff's Motion to Remand,

22  Memorandum of Points and Authorities in support thereof and accompanying Declaration.

23        Plaintiff's Motion to Remand should be denied on the following grounds:

24        (1) This is a civil action in which this Court has original jurisdiction pursuant to 28 U.S.C.

25  § 1332 and one which may be removed to this Court pursuant to 28 U.S.C. § 1441(b) in that it is

26  based on federal law.

27

28

LEWIS BRISBOIS BISGAARD & SMITH LLP
ONE SANSOME STREET, SUITE 1400
SAN FRANCISCO, CALIFORNIA 94104
TELEPHONE (415) 362-2580

1    (2) A related case is already pending under this Court's federal jurisdiction, as such both

2  cases should properly be before the federal court. *Walton v. UTV,* 776 F.Supp. 1399 (1991 N.D.

3  Cal).

4    (3)  Plaintiff's indigent status has no effect on his ability to litigate in federal court.

5    (4)  Defendants' removal was timely under the "last served" rule. *Ford v. New United*

6  *Motors Manufacturing, Inc.,* 857 F.Supp. 707 (N.D. Cal. 1994).

7    (5) Defendants' followed proper removal procedures.  28 U.S.C. § 1446(a).

8  **I.    INTRODUCTION**

9    On January 4, 2007, an action was commenced in the Northern District of the U.S. District

10  Court, entitled <u>Rosenberg v. Cornell Corporation Inc.,</u> et. al., Case No. C07-00037-MJJ, a copy of

11  which is attached as **EXHIBIT "A"**.  The complaint was not served on any defendant.

12    On January 17, 2007, an action was commenced in the Superior Court of the State of

13  California, in and for the County of San Francisco, entitled <u>Jordan Rosenberg v. Cornell</u>

14  <u>Corporation, Inc., et al.,</u> Case No. CGC-07-459757, a copy of which is attached as **EXHIBIT "B"**.

15  The complaint was not served on any defendant.  On May 15, 2007, plaintiff Jordan Rosenberg

16  filed a first amended complaint in the above state court action, a copy of which is attached as

17  **EXHIBIT "C"**.  Defendant Maria Richard was personally served with summons and the first

18  amended complaint on August 6, 2007; defendant Cornell Corrections of California, Inc.,

19  erroneously served and sued herein as Cornell Corporation, Inc., was <u>improperly</u> served with

20  the same documents on August 6, 2007; and defendants Mike Reed, Dora Ford, Judith Henderson,

21  Melody Daniel, and Rose Hughes were served with the same documents by substituted service on

22  August 14, 2007.  A copy of the summons served by substituted service on defendant Rose Hughes

23  is attached as **EXHIBIT "D"**.

24    On September 12, 2007, defendants submitted a Notice of Removal.  On September 13,

25  2007 defendants answered plaintiff's first amended complaint.  Plaintiff filed a Motion to Remand

26  on November 11, 2007.  Defendants now submit their Opposition to plaintiff's Motion for

27  Remand.

28

LEWIS BRISBOIS BISGAARD & SMITH LLP
ONE SANSOME STREET, SUITE 1400
SAN FRANCISCO, CALIFORNIA 94104
TELEPHONE (415) 362-2580

## II.    ARGUMENTS

### A.    THIS COURT HAS ORIGINAL JURISDICTION OVER BIVENS ACTIONS ARISING FROM VIOLATIONS UNDER THE US CONSTITUTION, FEDERAL LAW, AND FEDERAL REGULATIONS

This is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332 and one which may be removed to this Court pursuant to 28 U.S.C. § 1441(b) in that it is based on federal law, e.g., the first amended complaint alleges "a 'Bivens' action, aris[ing] in part from violations of plaintiff's rights under the US Constitution, federal law, and federal regulations. (*Bivens v. Six unknown fed. Narcotics agents*, 403 U.S. 388 (1971)." See first amended complaint, 2:10-12, **EXHIBIT "C"**.

Removal to the San Francisco division of the Northern District of California is proper under 28 U.S.C. § 1441(a) because it is the district and division in which the state court action was commenced and is pending. Removal to the San Francisco division or the Oakland division is also proper under Northern District Court Local Rules 3-2 and 3-5.

Plaintiff asserts in his Motion to Remand that this Court ruled, in an order of 1/4/07, that there was no subject matter jurisdiction in case number C07-00037-MJJ, which plaintiff asserts raised the same allegations as this case, against the same defendants. See first amended complaint, 2:13-16, **EXHIBIT "C"**. Defendants have not been served in case number C07-00037-MJJ and were not aware of its existence until plaintiff filed his Motion to Remand. See Declaration of Robert A. Ford. The existence of case C07-00037-MJJ, however, does not bar defendants from asserting that this Court has proper subject matter jurisdiction over case number CV 07-4690 PJH.

Plaintiff clearly asserts a 'Bivens' cause of action against defendants in this pending case and as such, this Court has proper subject matter jurisdiction over plaintiff's claims under federal law. See *Bivens v. Six unknown fed. Narcotics agents*, 403 U.S. 388 (1971).

### B.    PLAINTIFF CANNOT SPLIT UP A CLAIM THAT HE HAS AGAINST MULTIPLE DEFENDANTS BY MAKING IT THE SUBJECT OF MORE THAN ONE ACTION

Plaintiff asserts that removal is improper based on *Walton v. UTV*, because "well established federal and California law forbid plaintiff from splitting a single claim for relief against defendants by making it the subject of more than one action in the same court." *Walton v.*

LEWIS BRISBOIS BISGAARD & SMITH LLP
ONE SANSOME STREET, SUITE 1400
SAN FRANCISCO, CALIFORNIA 94104
TELEPHONE (415) 362-2580

LEWIS BRISBOIS BISGAARD & SMITH LLP
ONE SANSOME STREET, SUITE 1400
SAN FRANCISCO, CALIFORNIA 94104
TELEPHONE (415) 362-2580

1  *UTV,* 776 F.Supp. 1399 (1991 N.D. Cal). Plaintiff improperly cites *Walton* as a basis for granting

2  his remand, when in fact, *Walton* supports removal to this Court and consolidation with plaintiff's

3  previously filed case (C07-00037-MJJ) currently pending before this Court. *Walton* makes it clear

4  that "the law will not permit the splitting up into separate suits of different grounds for the same

5  relief." *Id.*

6       Thus, is appears that the *Walton* case, instead of preventing defendants from removing this

7  case, serves as authority to bar plaintiff from filing this action based on his own admission that he

8  has already filed case C07-00037-MJJ which he identifies as "the same case as the present case."

9  (See Plaintiff's Motion to Remand, 2:13-16, **EXHIBIT "E"**)

10      **C.    PLAINTIFF'S INDIGENT STATUS WILL NOT PREVENT HIM FROM PURSUING HIS CLAIM IN FEDERAL COURT**

11

12       Plaintiff asserts that his indigent status will prevent him from litigating his claims in

13  federal court. Plaintiff is mistaken. The litigation costs for indigent individuals in Federal Court

14  is no higher than in State Court. In fact, unlike in State Court, there are no fees for filing answers,

15  motions, and other pleadings once a complaint has been filed. (See Northern California Fee

16  Schedule, **EXHIBIT "F"**).

17      **D.    REMOVAL WAS PROPER UNDER THE LAST SERVED RULE**

18       Removal is proper if conducted within 30 days of the service of any defendant, thus,

19  defendants have within 30 days of the last served defendant to remove the case to federal court.

20  *Ford v. Nummi,* 857 F.Supp. 707, 709 (N.D. Cal. 1994). In *Ford,* the court rejects the "first

21  served" rule and "disagree[d] that the thirty-day removal period under section 1446(b) commences

22  for all defendants on the date plaintiff initially serves the complaint." *Id.* The Court based its

23  rejection of the "first served rule" on the fact that (1) nothing in the language or legislative history

24  of section 1446(b) supports the notion that the decision to remove rests exclusively with the first

25  served defendant (2) the "unanimity"[1] rationale does not logically support the harsh first served

26

27

28    [1]The unanimity rule requires that when there is more than one defendant in the action, all defendants must unanimously agree to join in the removal. *Hewitt v. City of Stanton,* 798 F.2d 1230, 1232 (9th Cir. 1986).

LEWIS BRISBOIS BISGAARD & SMITH LLP
ONE SANSOME STREET, SUITE 1400
SAN FRANCISCO, CALIFORNIA 94104
TELEPHONE (415) 362-2580

1   rule and (3) the interests of settling the forum early in the litigation and avoiding forum shopping

2   do not justify foreclosing subsequently-served defendants of their statutory right to remove an

3   action. *Id.* at 709-710.

4           It is clear from the Court's ruling in *Ford* that defendants have 30 days after the last

5   defendant is served to remove their case to federal court. Here, defendants Mike Reed, Dora Ford,

6   Judith Henderson, Melody Daniel, and Rose Hughes were served on August 14, 2007. Defendants

7   filed their Notice of Removal on September 12, 2007, which is within the 30 day period required

8   by section 1446(b). Therefore, removal was proper.

9           Plaintiff cites *Innovacom v. Haynes*, 1998 WL 164933 (N.D. Cal.), as authority for the

10  "first served rule." Plaintiff argues that the "first served rule" which is used in *Innovacom* should

11  also be followed in this case, however the facts in *Innovacom* can be easily distinguished from the

12  facts at hand. In *Innovacom*, plaintiff asserted 28 causes of action, only one of them was federal in

13  nature. *Id.* at 1. The Court concluded that application of the "first served rule", which acted as a

14  bar to removal because 30 days had passed since the first defendant was served, created little

15  possibility of unfairness because only one of plaintiff's 28 causes of action was federal in nature.

16  *Id.* at 2. The Court identified the harshness of the first served rule and referenced the *Ford* case,

17  however held that based on the facts in the case the potential for unfairness was not present. *Id.*

18          Unlike in *Innovacom*, all of plaintiff's allegations are based on federal law. Plaintiff's

19  complaint asserts a Bivens cause of action and makes ten allegations all based on violations under

20  the US Constitution and federal law. It would be unfair to defendants to prevent them from

21  removing a case to federal court which is based entirely on federal law. *Ford v. Nummi*, is a

22  Norther District of California case that has not been overturned which supports a "last served"

23  application under section 1446. *Ford v. Nummi*, 857 F.Supp. 707 (N.D. Cal. 1994).

24          The Ninth Circuit Court decided not to render a decision on which rule, the first or last

25  served, is correct. *United States Computer Systems v. ATT*, 298 F.3d 756 (9th Cir. 2002). The

26  California Practice Guide Federal Civil Procedure Before Trial, notes that the "last served" rule

27  seems to be the preferable of the two because "until served with process, a defendant has no cause

28  to consider whether to remove an action to federal court. Thus, a last served defendant's removal

1  right ought not to be waived or affected by an earlier-served defendant's failure to remove." Cal.

2  Fed. Practice Guide, 2:905.9.

3      **E.    FORMAL SERVICE MUST BE EFFECTUATED TO TRIGGER THE 30
           DAY PERIOD FOR REMOVAL**

4

5      Plaintiff suggests that the 30 day period for removal began on May 24, 2007 when he

6  mailed a copy of the summons to defendants. See Plaintiff's Motion to Remand, 6:8-13,

7  **EXHIBIT "E".** Plaintiff asserts that if such service was improper, it still satisfied the requires of

8  1446 because it constituted notice by "service or <u>otherwise</u>." See Plaintiff's Motion to Remand,

9  6:19-21, **EXHIBIT "E".**

10      The Court in *Murphy Bros. Inc., v. Michetti* addressed the "or otherwise" provision in 28

11  U.S.C. section 1446 and held that "an individual or entity named as a defendant is not obligated to

12  engage in litigation unless notified of the action, and brought under a court's authority, by <u>formal</u>

13  <u>process</u>." *Murphy Bros. Inc., v. Michetti*, 526 U.S. 344, 347 (1999) (emphasis added). "Mere

14  receipt of the complaint unattended by any formal service" does not trigger a named defendant's

15  time to remove. *Id.* at 347-348. The phrase "or otherwise" was added to section 1446(b) in 1949

16  "to govern removal in States where an action is commenced merely by the service of summons,

17  without any requirement that the complaint be served or filed contemporaneously." *Id.* at 349.

18      Thus, based on the above analysis in *Murphy*, the time for defendants' to remove was not

19  triggered until each was formally served with process.

20      **F.    REMOVAL PROCEDURES WERE PROPERLY FOLLOWED**

21      Defendants filed their Notice of Removal and attached a copy of "all process, pleadings,

22  and orders served upon such defendant," pursuant to the requires in 28 U.S.C. section 1446(a).

23  Defendants' Notice of Removal included copies of: plaintiff's compliant filed on January 19,

24  2007, plaintiff's amended compliant filed on May 15, 2007, and a copy of the summons served by

25  substituted service on Rose Hughes received on August 17, 2007. Defendants attached the

26  summons served by substituted service on Rose Hughes because it was the relevant summons that

27  started the 30 day removal period pursuant to *Ford v. Nummi*. Prior to filing defendants' Notice of

28  Removal, defendants printed a register of actions on September 10, 2007. Plaintiff's Request for

LEWIS BRISBOIS BISGAARD & SMITH LLP
ONE SANSOME STREET, SUITE 1400
SAN FRANCISCO, CALIFORNIA 94104
TELEPHONE (415) 362-2580

1  Entry of Default had not yet been filed, and defendants were not aware of its filing prior to

2  submitting their Notice of Removal on September 12, 2007.

3       Plaintiff cites *Kisor v. Collins*, 338 F.Supp.2d 1279 (N.D. ALA 2004) as <u>persuasive</u>

4  authority that plaintiff's Motion to Remand should be granted because defendants failed to attach a

5  copy of all of the defendants' service of process.  Defendants are unaware of any authority in this

6  jurisdiction that grants a remand based on failure to attach service of process of all defendants,

7  when at least one, the relevant one to establish the removal timing, is provided.

8  **III.    CONCLUSION**

9       Defendants respectfully request that Plaintiffs' Motion to Remand be denied by this

10  Honorable Court for the foregoing reasons.

11  DATED:   November 7, 2007

12                                    LEWIS BRISBOIS BISGAARD & SMITH LLP

13

14                            By _____
                                    ROBERT A. FORD
15                                    Attorneys for Defendants

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO REMAND

LEWIS BRISBOIS BISGAARD & SMITH LLP
ONE SANSOME STREET, SUITE 1400
SAN FRANCISCO, CALIFORNIA 94104
TELEPHONE (415) 362-2580

1

## IV.
## DECLARATION OF ROBERT A. FORD IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO REMAND

2

3    I, ROBERT A. FORD, declare the following:

4    1.    I am an attorney duly licensed before all United States District Courts of California.

5    I am a partner with Lewis Brisbois Bisgaard & Smith, attorneys of record for defendants. I make

6    this declaration of my own personal knowledge and if called to testify I am willing and competent

7    to do so.

8    2.    Attached as **EXHIBIT "A"** is a true and correct copy of a complaint filed by Jordan

9    Rosenberg in the Northern District of the U.S. District Court, entitled <u>Rosenberg v. Cornell</u>

10    <u>Corporation Inc.</u>, et. al., Case No. C07-00037-MJJ.

11    3.    Defendants have not been served in case number C07-00037-MJJ and were not

12    aware of its existence until plaintiff filed his Motion to Remand.

13    4.    Attached as **EXHIBIT "B"** is a true and correct copy of the a complaint filed by

14    Jordan Rosenberg in Superior Court of the State of California, in and for the County of San

15    Francisco, entitled <u>Jordan Rosenberg v. Cornell Corporation, Inc., et al.</u>, Case No. CGC-07-

16    459757.

17    5.    Attached as **EXHIBIT "C"** is a true and correct copy of the first amended

18    complaint filed by Jordan Rosenberg in Case No. CGC-07-459757, filed on May 15, 2007.

19    6.    Attached as **EXHIBIT "D"** is a true and correct copy of the summons served by

20    substituted service on defendant Rose Hughes, dated August 17, 2007.

21    7.    The summons served on Rose Hughes is the one that defendants use to calculate the

22    30 day period for which removal was proper.

23    8.    Attached as **EXHIBIT "E"** is a true and correct copy of plaintiff's Motion to

24    Remand filed on November 11, 2007.

25    9.    Attached as **EXHIBIT "F"** is a true and correct copy of the Northern California fee

26    schedule for the Northern District of California District Court.

27

28

LEWIS BRISBOIS BISGAARD & SMITH LLP
ONE SANSOME STREET, SUITE 1400
SAN FRANCISCO, CALIFORNIA 94104
TELEPHONE (415) 362-2580

4847-5452-3906.1

-8-

1    I declare under the penalty of perjury of the State of California that the foregoing is true

2    and correct. Executed on November 7, 2007, in San Francisco, California.

3

4

5    Robert A. Ford

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LEWIS BRISBOIS BISGAARD & SMITH LLP
ONE SANSOME STREET, SUITE 1400
SAN FRANCISCO, CALIFORNIA 94104
TELEPHONE (415) 362-2580

Exhibit A



1  Jordan Rosenberg
2  601 Van Ness #E3-219
3  San Francisco 94102
4  J94102@yahoo.com
5  Plaintiff
6  In Pro Per
7
8              FEDERAL DISTRICT COURT
9              NORTHERN CALIFORNIA
10                SAN FRANCISCO
11
12
13
14
15  Jordan Rosenberg,                    APPLICATION FOR TRO
16                                       AND PRELIMINARY
17  Plaintiff                            INJUNCTION
18
19  Vs
20                                       Case Number
21  Cornell Corporation, Inc,
22  And Associated Companies
23
24  Maria Richard, Director,
25
26  Mike Reed, Director,
27
28  Dora Ford, Case Manager
29
30  Judith Henderson, Job Developer,
31
32  Melody Daniel, Job Developer,
33
34  Rose Hughes, Staff
35
36
37
38
39
40
41
42
43
44
45
46

FILED

07 JAN -4 PH 1:45

RICHARD W. WICKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

C  07  0037

MJJ

1    Jurisdiction – The action arises from violations of plaintiff's rights under the US Constitution,

2    federal law, and federal regulations.

3

4    Venue – The events and actions took place in the Northern District of California – in San

5    Francisco.

6

7    Intradistrict Assignment - The events and actions took place in San Francisco.

8

9        The legal authority for the tro, preliminary injunction, and ex parte application is

10    FRCP 65.

11

12        Plaintiff Rosenberg has since 10/24/06 resided at defendant Cornell's halfway house at

13    111 Taylor in San Francisco following his release from federal prison. The other defendants are

14    staff at the halfway house.

15        Rosenberg has attempted to resolve these matters with defendants Cornell and staff all to

16    no avail.

17

18                                    FIRST

19        Rosenberg has resided at Cornell halfway house about a month. In that time there was

20    one fire, requiring a response from several fire trucks, and one fire drill. During the fire and the

21    fire drill, Cornell staff evacuated the building and compelled residents to line up along the side of

22    the burning building. Rosenberg has pointed out to Cornell management that this is madness.

Application for TRO and Preliminary Injunction      page 2

1    Rosenberg has requested Cornell management to move staff to a safe location, say, across the

2    street. Cornell refused.

3         Rosenberg, fearing for his safety, asks the Court to order Cornell to keep residents a safe

4    distance from a burning building. Rosenberg will surely prevail at trial because the danger of

5    Cornell's practice to the life and safety of residents is obvious and there is no reason for

6    Cornell's practices. There is nothing that Cornell can weigh against resident safety, particularly

7    since lining up, say, across the street will impose no cost whatsoever on Cornell. If Rosenberg is

8    injured in a fire because of defendants willfully putting him in harm's way the n no

9    compensation can adequately repay Rosenberg for his injuries. The next fire could happen at any

10   time – hence the urgency of the matter.

11        Rosenberg asks the Court to order defendants to find a safer fire practice.

12                                    SECOND

13        When residents arrive at Cornell they are confined to the residence for the first three

14   days. Here days always mean business days unless otherwise noted. Then they are permitted to

15   leave the residence on business days to seek employment and for one hour each calendar day for

16   recreation. Residents who do not find full time employment (40 hours/week) within 15 days are

17   punished in a variety of ways including loss of recreation privileges.

18        When Rosenberg met with Melody Daniel at the beginning of the 15 day period he

19   refused to sign a document that had miscalculated the 15 day period as ending 11/17/06, a

20   Friday. Ms. Daniel was furious and refused to listen to Rosenberg. Later, 11/9/06 Rosenberg

21   wrote to the Job Developer pointing out that 11/10/06 was a holiday and asking for recalculation

22   of the 15 day period. Rosenberg received a written but unsigned acknowledgement, presumably

23   from Melody Daniel but possibly from Judith Henderson, correcting the calculation of his 15 day

1    period and verifying that it ended 11/20/06, a Monday. Nevertheless Rosenberg was denied his

2    recreation hour on 11/19/06 and 11/20/06. Some person had made a handwritten notation on the

3    list of those eligible for recreation next to Rosenberg's name that said "no rec". Rosenberg

4    attempted to explain the situation to staff. He even showed the correcting note to staff. But staff

5    refused to accept it because it was unsigned. Staff, at Rosenberg's request, called Mike Reed

6    who also refused to allow recreation.

7         Rosenberg seeks an order directing that he be allowed the two hourly periods of

8    recreation that he is entitled to and that defendants have denied him. He further asks that Cornell

9    staff be ordered to sign their communications and directives so responsibility is clear.

10        If Rosenberg is not granted his TRO then he will never get the two remaining hours of

11    recreation that he deserves. Rosenberg will be leaving Cornell 1/26/07 if not sooner. While he

12    will still be able to sue for damages, no damages can adequately compensate him for what

13    Cornell has taken. Rosenberg is highly likely to win his case because the defendants have already

14    conceded in writing, although not signed, that his position is correct. The TRO will work no

15    hardship on the defendants because it costs them nothing to grant recreation time and they do so

16    every day for many residents.

17

18                                    THIRD

19        Rosenberg seeks an order from this Court directing defendants to allow Rosenberg to go

20    to the local law libraries available to him to research and prepare his case and to locations where

21    he may have computer access to do online research and type his court documents and to go to

22    court. On Saturday 11/25/06 Rosenberg tried to go to the county law library at 685 Market from

23    9:00am to 12:30. He was permitted to go but only for half that time. He also tried to go Sunday

Application for TRO and Preliminary Injunction       page 4

1 11/26/06 from 2:30pm to 4:00 but this request was denied altogether. He has been denied several

2 more time since then. Mike Reed confirmed in conversation with Rosenberg 11/5/06 that it is

3 Cornell policy to deny these requests. There is no reason for these denials. There are no rules

4 forbidding residents to go to libraries, law or otherwise, nor courts. On these days and time

5 residents are routinely allowed to go to work, to go to look for work, to go to recreation, to shop

6 for hygiene supplies, to attend religious services, and to have various passes and furloughs.

7 Rosenberg asks the Court to order that he be allowed generous time to visit the facilities

8 necessary to prepare his case against defendants and that his requests not be denied except for

9 good cause.

10  Access to the Courts is a fundamental right without which all others cannot be defended.

11 Rosenberg will continue to suffer irreparable harm at the hands of the defendants if he is not

12 allowed to seek legal redress. He will be forced to endure conditions at Corness that violate his

13 civil rights. Rosenberg is likely to prevail in this action where defendants seek to protect

14 themselves against his suit by not allowing him to present his case. There will be no cost to the

15 defendants if Rosenberg is allowed to go to the law libraries and computer services except that

16 they might lose the lawsuit, a consequence against which they may not protect themselves by

17 denying Rosenberg access to the Court.

18

19        NEXT TO LAST

20  Rosenberg seeks a non-retaliation order against the defendants. Defendants have massive

21 control over every aspect of Rosenberg's life. Their opportunities for retaliation are legion. And

22 their ill will is already evident above. Rosenberg seeks an order directing defendants to take no

23 significant actions against Rosenberg without appearing before this Court and showing good

Application for TRO and Preliminary Injunction  page 5

1    cause and giving Rosenberg an opportunity to show why the actions are retaliatory. Actions to

2    which Rosenberg agrees will not be considered retaliatory except where Rosenberg's agreement

3    is coerced.

4

5                                                    LAST

6           Rosenberg asks the Court to appoint counsel to represent Rosenberg in preparing and

7    prosecuting his case which the Court has the discretion to do.

8

9           Rosenberg knows the factual statements herein to be true based on his own experience

10    except where they are based on information and belief and there Rosenberg believes them to be

11    true. Rosenberg's factual statements are made under penalty of perjury. He is willing to so testify

12    in court under oath.

13

14                                                                              Respectfully,

15                                                              Jordan Rosenberg, Plaintiff/Petitioner

1   Jordan Rosenberg
2   601 Van Ness #E3-219
3   San Francisco 94102
4   J94102@yahoo.com
5   Plaintiff
6   In Pro Per
7

FILED

07 JAN -4  PM 1:45

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA



8              FEDERAL DISTRICT COURT
9              NORTHERN CALIFORNIA
10               SAN FRANCISCO
11                C  07
12
13                              0037
14



MJJ

15   Jordan Rosenberg,                    | COMPLAINT;
16                                        | DEMAND FOR JURY
17   Plaintiff                            | TRIAL
18
19   Vs
20                                        | Case Number
21   Cornell Corporation, Inc,
22   And Associated Companies
23
24   Maria Richard, Director,
25
26   Mike Reed, Director,
27
28   Dora Ford, Case Manager
29
30   Judith Henderson, Job Developer,
31
32   Melody Daniel, Job Developer,
33
34   Rose Hughes, Staff
35
36
37
38
39
40
41
42
43
44
45
46


Complaint      page  1

1    Jurisdiction – The action arises from violations of plaintiff's rights under the US

2    Constitution, federal law, and federal regulations.

3

4    Venue – The events and actions took place in the Northern District of California – in San

5    Francisco.

6    Intradistrict Assignment - The events and actions took place in San Francisco.

7

8    Plaintiff Rosenberg has since 10/24/06 resided at defendant Cornell's halfway house at

9    111 Taylor in San Francisco following his release from federal prison. The other defendants are

10   staff at the halfway house.

11   Rosenberg has attempted to resolve these matters with defendants Cornell and staff all to

12   no avail.

13   This complaint is a "Bivens" action.

14

15                                    FIRST

16   Rosenberg has resided at Cornell halfway house about a month. In that time there was

17   one fire, requiring a response from several fire trucks, and one fire drill. During the fire and the

18   fire drill, Cornell staff evacuated the building and compelled residents to line up along the side of

19   the burning building. Rosenberg has pointed out to Cornell management that this is madness.

20   Rosenberg has requested Cornell management to move staff to a safe location; say, across the

21   street. Cornell refused.

22   While in Cornell's custody while under Cornell's control, Rosenberg has a right to be

23   kept safe. Cornell, acting under color of law, has, through malice and oppression, violated that

1    right and exhibited deliberate indifference to Rosenberg's safety by requiring him to line up next

2    to a burning building. Rosenberg has been harmed by being made to stand next to a burning

3    building under threat of punishment if he doesn't. Rosenberg seeks compensatory and punitive

4    damages and an end to the offending practices.

5

6                                    SECOND

7           When residents arrive at Cornell they are confined to the residence for the first three

8    days. Here days always mean business days unless otherwise noted. Then they are permitted to

9    leave the residence on business days to seek employment and for one hour each calendar day for

10   recreation. Residents who do not find full time employment (40 hours/week) within 15 days are

11   punished in a variety of ways including loss of recreation privileges.

12          When Rosenberg met with Melody Daniel at the beginning of the 15 day period he

13   refused to sign a document that had miscalculated the 15 day period. Ms. Daniel was furious and

14   refused to listen to Rosenberg. Later, 11/9/06 Rosenberg wrote to the Job Developers, Melody

15   Daniel and Judith Henderson, pointing out that 11/10/06 was a holiday and asking for

16   recalculation of the 15 day period. Rosenberg received a written but unsigned acknowledgement,

17   presumably from Melody Daniel but possibly from Judith Henderson, correcting the calculation

18   of his 15 day period and verifying that it ended 11/20/06. Nevertheless Rosenberg was denied his

19   recreation hour on 11/19/06 and 11/20/06. Some person had made a handwritten notation on the

20   list of those eligible for recreation next to Rosenberg's name that said "no rec". One defendant

21   told Rosenberg the note was written by Dora Ford. Rosenberg attempted to explain the situation

22   to staff. He even showed the correcting note to staff. But staff refused to accept it because it was

23   unsigned. Staff, at Rosenberg's request, called Mike Reed who also refused to allow recreation.

Complaint        page 3

1          While Rosenberg is under Cornell's control he has a due process right to be treated in

2    accordance with regulations. Cornell's willful refusal, resulting from malice and oppression,

3    acting under color of law, to follow its own and the Bureau of Prisons' regulations have harmed

4    Rosenberg by denying him access to deserved recreation despite knowing that their actions are

5    inconsistent with regulations. Rosenberg seeks restitution, compensatory and punitive damages,

6    and an end to the offending practices.

7

8                                                    THIRD

9          On Saturday 11/25/06 Rosenberg tried to go to the county law library at 685 Market from

10   9:00am to 12:30. He was permitted to go but only for half that time. He also tried to go Sunday

11   11/26/06 from 2:30pm to 4:00 but this request was denied altogether. There is no reason for

12   these denials. There are no rules forbidding residents to go to libraries, law or otherwise. On

13   these days and time residents are routinely allowed to go to work, to go to recreation, to shop for

14   hygiene supplies, and to attend religious services. On 11/30/06 Dora Ford told Rosenberg that

15   this was being done because that's the way Maria Richard has always done it. Rosenberg has

16   been denied access to the law library on many subsequent occasions.

17         Access to the Courts is a fundamental right without which all others cannot be defended.

18   As a result of their malice and oppression, Defendants, acting under color of law, willfully

19   denied Rosenberg the exercise of this right. Rosenberg seeks compensatory and punitive

20   damages and an end to the offending practices.

21

22                                                   FOURTH

1    Rosenberg asks the Court to appoint counsel to represent Rosenberg in preparing and

2    prosecuting his case which the Court has the discretion to do.

3    Rosenberg asks leave of this Court to amend his complaint after he has had an

4    opportunity to further research preparation of complaints.

5    Rosenberg requests a jury trial.

6

7                                     RELIEF

8    Rosenberg seeks:

9    Restitution

10   Compensatory damages

11   Punitive damages

12   Declaratory relief

13   Injunctive relief

14   Any other relief the Court may find fit to provide.

15

16    Rosenberg knows the factual statements herein to be true based on his own experience

17   except where they are based on information and belief and there Rosenberg believes them to be

18   true. Rosenberg's factual statements are made under penalty of perjury. He is willing to so testify

19   in court under oath.

20                                                              Respectfully,

21                                                              Jordan Rosenberg

22                                                              Plaintiff/Petitioner

23

Complaint     page 5

# Exhibit B

FILED
San Francisco County Superior Court

JAN 19 2007

GORDON PARK-LI, Clerk
CASE MANAGEMENT CONFERENCE SET BY: _____ & _____
                                    Deputy Clerk

JUN 2 2 2007 · 9⁰⁰ AM

DEPARTMENT 212                      NO SUMMONS ISSUED

SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN FRANCISCO    CGC 07 - 459757

1
2   Jordan Rosenberg
3   601 Van Ness #E3-219
4   San Francisco 94102
5   J94102@yahoo.com
6   Plaintiff
7   In Pro Per
8
9
10
11
12
13
14
15  Jordan Rosenberg,
16
17  Plaintiff
18
19  Vs
20
21  Cornell Corporation, Inc,
22  And Associated Companies
23
24  Maria Richard, Director,
25
26  Mike Reed, Director,
27
28  Dora Ford, Case Manager
29
30  Judith Henderson, Job Developer,
31
32  Melody Daniel, Job Developer,
33
34  Rose Hughes, Staff
35
36
37
38
39
40
41
42
43
44
45
46

COMPLAINT; FOR DAMAGES
DEMAND FOR JURY
TRIAL         FOR CIVIL
              RIGHTS
Case Number    VIOLATION

Complaint    page 1

Venue – The events and actions took place in San Francisco.

Plaintiff Rosenberg has since 10/24/06 resided at defendant Cornell's halfway house at 111 Taylor in San Francisco following his release from federal prison. The other defendants are staff at the halfway house.

Rosenberg has attempted to resolve these matters with defendants Cornell and staff all to no avail.

This complaint, a "Bivens" action, arises from violations of plaintiff's rights under the US Constitution, federal law, and federal regulations

## FIRST

Rosenberg has resided at Cornell halfway house about a month. In that time there was one fire, requiring a response from several fire trucks, and one fire drill. During the fire and the fire drill, Cornell staff evacuated the building and compelled residents to line up along the side of the burning building. Rosenberg has pointed out to Cornell management that this is madness. Rosenberg has requested Cornell management to move staff to a safe location, say, across the street. Cornell refused.

While in Cornell's custody while under Cornell's control, Rosenberg has a right to be kept safe. Cornell, acting under color of law, has, through malice and oppression, violated that right and exhibited deliberate indifference to Rosenberg's safety by requiring him to line up next to a burning building. Rosenberg has been harmed by being made to stand next to a burning building under threat of punishment if he doesn't. Rosenberg seeks compensatory and punitive damages and an end to the offending practices.

Complaint    page 2

SECOND

3   When residents arrive at Cornell they are confined to the residence for the first three

4   days. Here days always mean business days unless otherwise noted. Then they are permitted to

5   leave the residence on business days to seek employment and for one hour each calendar day for

6   recreation. Residents who do not find full time employment (40 hours/week) within 15 days are

7   punished in a variety of ways including loss of recreation privileges.

8       When Rosenberg met with Melody Daniel at the beginning of the 15 day period he

9   refused to sign a document that had miscalculated the 15 day period. Ms. Daniel was furious and

10  refused to listen to Rosenberg. Later, 11/9/06 Rosenberg wrote to the Job Developers, Melody

11  Daniel and Judith Henderson, pointing out that 11/10/06 was a holiday and asking for

12  recalculation of the 15 day period. Rosenberg received a written but unsigned acknowledgement,

13  presumably from Melody Daniel but possibly from Judith Henderson, correcting the calculation

14  of his 15 day period and verifying that it ended 11/20/06. Nevertheless Rosenberg was denied his

15  recreation hour on 11/19/06 and 11/20/06. Some person had made a handwritten notation on the

16  list of those eligible for recreation next to Rosenberg's name that said "no rec". One defendant

17  told Rosenberg the note was written by Dora Ford. Rosenberg attempted to explain the situation

18  to staff. He even showed the correcting note to staff. But staff refused to accept it because it was

19  unsigned. Staff, at Rosenberg's request, called Mike Reed who also refused to allow recreation.

20      While Rosenberg is under Cornell's control he has a due process right to be treated in

21  accordance with regulations. Cornell's willful refusal, resulting from malice and oppression,

22  acting under color of law, to follow its own and the Bureau of Prisons' regulations have harmed

23  Rosenberg by denying him access to deserved recreation despite knowing that their actions are

Complaint    page 3

1  inconsistent with regulations. Rosenberg seeks restitution, compensatory and punitive damages,

2  and an end to the offending practices.

3

4                                    THIRD

5         On Saturday 11/25/06 Rosenberg tried to go to the county law library at 685 Market from

6  9:00am to 12:30. He was permitted to go but only for half that time. He also tried to go Sunday

7  11/26/06 from 2:30pm to 4:00 but this request was denied altogether. There is no reason for

8  these denials. There are no rules forbidding residents to go to libraries, law or otherwise. On

9  these days and time residents are routinely allowed to go to work, to go to recreation, to shop for

10  hygiene supplies, and to attend religious services. On 11/30/06 Dora Ford told Rosenberg that

11  this was being done because that's the way Maria Richard has always done it. Rosenberg has

12  been denied access to the law library on many subsequent occasions.

13         Access to the Courts is a fundamental right without which all others cannot be defended.

14  As a result of their malice and oppression, Defendants, acting under color of law, willfully

15  denied Rosenberg the exercise of this right. Rosenberg seeks compensatory and punitive

16  damages and an end to the offending practices.

17

18                                   FOURTH

19         Rosenberg requests a jury trial.

20

21

22

23

Complaint       page 4

1                                    **RELIEF**

2          Rosenberg seeks:

3    **Restitution**

4    **Compensatory damages**

5    **Punitive damages**

6    **Declaratory relief**

7    **Injunctive relief**

8    **Any other relief the Court may find fit to provide.**

9

10         Rosenberg knows the factual statements herein to be true based on his own experience

11   except where they are based on information and belief and there Rosenberg believes them to be

12   true. Rosenberg's factual statements are made under penalty of perjury. He is willing to so testify

13   in court under oath.

14                                                           Respectfully,

15                                                           Jordan Rosenberg

16                                                           Plaintiff/Petitioner

17


Complaint        page 5

Exhibit C

ENDORSED
F I L E D
San Francisco County Superior Court

MAY 1 5 2007

GORDON PARK-LI, Clerk
BY. _____ WESLEY RAMIREZ
Deputy Clerk

1   Jordan Rosenberg
2   601 Van Ness #E3-219
3   San Francisco 94102
4   J94102@yahoo.com
5   Fax 206-203-4321
6   Plaintiff
7   In Pro Per
8
9               SUPERIOR COURT OF CALIFORNIA
10                COUNTY OF SAN FRANCISCO
11
12   Jordan Rosenberg,
13
14
15   Plaintiff                           COMPLAINT (FIRST AMENDED)
16                                        FOR CIVIL RIGHTS VIOLATIONS
17   Vs
18
19   Cornell Corporation, Inc,
20   And Associated Companies            Case Number CGC-07-459757
21
22   Maria Richard, Director,
23
24   Mike Reed, Director,
25
26   Dora Ford, Case Manager
27
28   Judith Henderson, Job Developer,
29
30   Melody Daniel, Job Developer,
31
32   Rose Hughes, Staff,
33
34   Does 1-100,
35
36   Defendants
37

1   Complaint      page 1

1          Venue – The events and actions took place in San Francisco.

2          Plaintiff Rosenberg at all relevant times resided at defendant Cornell's halfway house at

3    111 Taylor in San Francisco 94102 following his release from federal prison. The other

4    defendants are staff at the halfway house. The authority held by defendants over plaintiff was

5    delegated by virtue of their employment by or contract with federal agencies and so they acted

6    under color of law.

7          Rosenberg has attempted to resolve these matters with defendants Cornell and staff all to

8    no avail. Rosenberg has brought complaints about staff action to management and/or supervisors

9    who have in every case refused to aid Rosenberg.

10          This complaint, a "Bivens" action, arises in part from violations of plaintiff's rights under

11    the US Constitution, federal law, and federal regulations. (Bivens v. Six unknown fed. narcotics

12    agents, 403 U.S. 388 (1971) )

13          For each claim, defendants acted willfully with oppression, fraud, and malice.

14          All the facts alleged in any part of this complaint are incorporated in every other part of

15    the complaint.

16          Plaintiff will amend this complaint with the names of the Doe defendants as they become

17    known.

18

2    Complaint        page 2

1                                          FIRST

2          While residing at Cornell halfway house, Plaintiff Rosenberg was forbidden to leave the

3     house without permission. Rosenberg sought the permission of Defendant Dora Ford to go to the

4     law library to research and prepare a complaint and application for tro/preliminary injunction to

5     correct violations of Rosenberg's rights detailed below. Ford sometimes completely refused,

6     sometimes severely limited Rosenberg's access to the law library. Ford similarly limited

7     Rosenberg's visits to the court. Rosenberg applied to defendants Richard and Reed to overrule

8     Ford. They refused. There was no rule or regulation limiting Rosenberg's access to the law

9     library.

10         Defendants actions deprived Rosenberg of access to the courts, a basic civil right. As a

11    result Rosenberg was not able to file a timely case thus forever denying Rosenberg remedies that

12    would otherwise have been available to him.

13                                         SECOND

14         During two actual fires, where the local fire department was called and responded, and

15    two fire drills, defendants required that plaintiff Rosenberg line up along side the burning

16    building. This is an unsafe practice that put Rosenberg's life at risk without reason. Defendants

17    ignored Rosenberg's protest about this practice.

18         As a result of defendant's actions Rosenberg's life was pointlessly put at risk.

3    Complaint       page 3

1    Rosenberg has a right to be protected from needless risks to his life caused by Defendants, a right

2    that was violated by defendant's actions.

3                                          THIRD

4          On one occasion that turned out to be a fire drill, and not an actual fire, a fact then

5    unknown to Rosenberg, Rosenberg attempted to protect himself from proximity to the burning

6    building by moving away from it. Defendant Hughes filed a complaint about Rosenberg's action

7    that resulted in his being punished for his action to protect his life. Punishing Rosenberg for

8    actions to protect his life when defendants have put his life needlessly at risk is a violation of

9    Rosenberg's civil rights.

10                                        FOURTH

11         Rosenberg was given 10 hours of punishment duties (above). After he performed those

12   duties, defendant Reed assigned Rosenberg additional punishment duties. When Rosenberg told

13   Reed that he had completed his punishment duties Reed told Rosenberg that this didn't count

14   because the performance of the duties had not been recorded in defendant's records. Rosenberg

15   had not been told anything about such recording and in any case could not compel staff to make

16   such records. Reed required Rosenberg to perform additional duties and then refused to record

17   them, too.

18         Arbitrary and unlimited punishment by defendants is a denial of Rosenberg's civil rights.

19

4    Complaint      page 4

1                                          FIFTH

2          Cornell confiscated Rosenberg's medicines. Rosenberg asked for their immediate return.

3    Rosenberg needed the medicines and there was no reason for Cornell to keep them from him.

4    Defendant Reed instructed staff to ignore Rosenberg's request and to return the medicines "at

5    your leisure". Rosenberg received the medicines 10 days later.

6          Denying Rosenberg medical care is a violation of his civil rights.

7                                          SIXTH

8          Rosenberg was housed in a room with bedbugs. Cornell took no timely action to free the

9    facility of bedbugs. When Rosenberg attempted to use bug spray to kill the bedbugs, Cornell

10   confiscated the bug spray. Cornell violated Rosenberg's right to live in a clean facility free of

11   bedbugs.

12                                        SEVENTH

13         Cornell residents are confined to the facility except for specific occasions and

14   permissions to leave. For a period of weeks Rosenberg was entitled to one hour a day of

15   recreation time. Defendants Henderson and Daniel miscalculated Rosenberg's recreation days

16   and together with defendant Ford denied Rosenberg two hours of recreation. Henderson and

17   Daniel refused to correct their calculation when advised of it by Rosenberg. When Rosenberg

18   called this to the attention of defendant Reed he ignored Rosenberg's claims and denied

5    Complaint        page 5

1    Rosenberg his recreation time. Rosenberg has a right to be treated according to house rules and

2    to be treated as other residents are. These rights were violated by defendants.

3                                              EIGHTH

4          Cornell residents are required to find employment for 40 hours per week while in

5    residence at Cornell. Cornell receives 25% of the gross paycheck of every resident. Cornell

6    punishes residents who fail to find such employment.

7          Defendants Henderson and Daniel, staff job developers, have the specific responsibility

8    to assist residents in finding employment. These defendants hindered Rosenberg in his

9    employment search by refusing to allow him to go the library to review newspaper employment

10   ads or to use library internet computers to search for employment ads. There are no newspapers

11   or internet computers available at Cornell. These defendants kept secret the identities of

12   employers that commonly hire Cornell residents until, late in the game, Rosenberg was able to

13   obtain them. Target, in particular, was hiring Cornell residents for extra holiday staff. By the

14   time Rosenberg got this information from defendants Target had completed its hiring.

15         As a result of defendants actions Rosenberg was not able to find 40 hour per week

16   employment although he did find two part time jobs. Rosenberg was punished by Cornell for not

17   meeting their employment requirements. Rosenberg has a right to receive all the assistance that

18   staff can provide and to receive the same assistance made available to other residents. This right

19   was violated by defendants.

6    Complaint      page 6

1                                          NINETH

2          Rosenberg applied to defendant Ford for permission to purchase hygiene items (soap,

3    toothpaste,vitamins, etc). Ford repeatedly denied Rosenberg's requests. Rosenberg, like other

4    Cornell residents, has the right to purchase basic necessities not supplied by Cornell. Ford's

5    refusal, without reason, to allow Rosenberg to make these purchases is a violation of Rosenberg's

6    rights.

7                                          TENTH

8          Cornell has repeatedly treated Rosenberg in an arbitrary manner not prescribed by rules

9    and regulations and not consistent with the treatment accorded other residents. Arbitrary

10   treatment is a violation of Rosenberg's rights.

11                                         RELIEF

12         Rosenberg seeks:

13   Restitution

14   Compensatory damages

15   Punitive damages

16   Combined monetary relief not less than $10,000,000.00

17   Declaratory relief

18   Injunctive relief

19   Any other relief the Court may find fit to provide.


7    Complaint        page 7

1

2          Rosenberg knows the factual statements herein to be true based on his own experience

3    except where they are based on information and belief and there Rosenberg believes them to be

4    true. Rosenberg's factual statements are made under penalty of perjury. He is willing to so testify

5    in court under oath.

6                                                                    Respectfully,

7                                                                    Jordan Rosenberg

8                                                                    Plaintiff/Petitioner

9

# Exhibit D

Sheriff's File
07-344824

## SUMMONS
### *(CITACION JUDICIAL)*



**RECEIVED**
(FOR COURT USE ONLY)
*(SOLO PARA USO DE LA CORTE)*

AUG 17 2007

By _____

**NOTICE TO DEFENDANT:** *(Aviso a Acusado)*
Cornell Corporation *NC + ASSOCIATES COMPANIES*
Maria Richard *DIRECTION*
Mike Reed *DIRECTOR*
Dora Ford *CARA MANNLIAN*
Judith Henderson *JOB DAVALOPER*
Melody Daniel *JOB DAVALOPER*
Rose Hughes *STAFF*

**YOU ARE BEING SUED BY PLAINTIFF:**
*(A Ud. le está demandando)*
Jordan Rosenberg

| | |
|---|---|
| **You have 30 CALENDAR DAYS** after this summons is served on you to file a typewritten response at this court. | *Después de que le entreguen esta citación judicial usted tiene un plazo de 30 DIAS CALENDARIOS para presentar una respuesta escrita a máquina en esta corte.* |
| A letter or phone call will not protect you; your typewritten response must be in proper legal form if you want the court to hear your case. | *Una carta o una llamada telefónica no le ofrecerá protección; su respuesta escrita a máquina tiene que cumplir con las formalidades legales apropiadas si usted quiere que la corte escuche su caso.* |
| If you do not file your response on time, you may lose the case, and your wages, money and property may be taken without further warning from the court. | *Si usted no presenta su respuesta a tiempo, puede perder el caso, y le pueden quitar su salario, su dinero y otras cosas de su propiedad sin aviso adicional por parte de la corte* |
| There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referal service or a legal aid office (listed in the phone book). | *Existen otros requisitos legales. Puede que usted quiera llamar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de referencia de abogados o a una oficina de ayuda legal (vea el directorio telefónico).* |

The name and address of the court is: *(El nombre y dirección de la corte es)*
SF SUPERIOR COURT
400 MCALLISTER
SF 94102

CASE NUMBER: *(Número del Caso)*
CGC-07-459757

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es)*
Jordan Rosenberg, 601 Van Ness E3-219, San Francisco 94102
phone and fax 206-203-4321, J94102@Yahoo.com

| DATE:
*(Fecha)* | MAY 1 0 2007 | Gordon Park-Li, Clerk, by
*(Actuario)* | BERNADETTE THOMPSON, Deputy
*(Delegado)* |
|---|---|---|---|

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☐ on behalf of *(specify)*:

   under: ☐ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (individual)
   ☐ other:

4. ☐ by personal delivery on *(date)*:

Form Adopted by Rule 982
Judicial Council of California
982(a)(9) [Rev. January 1, 1984]
Mandatory Form

**(See reverse for Proof of Service)**
**SUMMONS**

Stratton Press

CCP 412.20

Exhibit E

1 Jordan Rosenberg,
2 601 Van Ness #E3-229
3 San Francisco 94102
4 J94102@yahoo.com
5 Fax 206-203-4321
6 Plaintiff In Pro Per
7
8
9
10 FEDERAL DISTRICT COURT
11 NORTHERN CALIFORNIA
12 SAN FRANCISCO
13
14
15
16
17 | Jordan Rosenberg,
18 |
19 | Plaintiff
20 |
21 | Vs
22 |
23 | Cornell Corporation, Inc,
24 | And Associated Companies,
25 |
26 | Maria Richard, Director,
27 |
28 | Mike Reed, Director,
29 |
30 | Dora Ford, Case Manager,
31 |
32 | Judith Henderson, Job Developer,
33 |
34 | Melody Daniel, Job Developer,
35 |
36 | Rose Hughes, Staff,
37 |
38 | Defendants
39
40
41
42
43
44

MOTION FOR REMAND:
SUPPORTING BRIEF

Case Number 3:07-CV-04690-PJH

Judge Hamilton, Courtroom 3

time:   9 am          date: 12/5/07

1              MOTION FOR REMAND: SUPPORTING BRIEF

2

3        The Court should remand this case to the State Court from which it was removed for the

4  following reasons:

5

6            1. THERE IS NO SUBJECT MATTER JURISDICTION. THE COURT MUST

7                REMAND.

8  1.1      Rosenberg calls the Court's attention to case C07-00037-MJJ, Federal District Court,

9  Northern California, San Francisco. The case was filed 1/4/07. The filing consisted of a

10  Complaint, an Application for TRO and Preliminary Injunction, a Proposed Order, and an

11  Application to Proceed in Forma Pauperis. There is also an order from the Court issued 1/4/07

12  denying both applications. The case is still current.

13  1.2      The parties are the same as in the present case.

14  1.3      The facts alleged are essentially the same as in the present case.

15  1.4      The legal basis for the case is the same as the present case.

16  1.5      It is the same case as the present case.

17  1.6      The Court ruled, in its order of 1/4/07, that there was no subject matter jurisdiction in

18  this case. Now Defendants may disagree. The Court may disagree. Even, who knows, the

19  Plaintiff may disagree. None of this matters. What matters is that res judicata and collegiality

20  require that the Court honor the ruling of 1/4/07. There is no subject matter jurisdiction. The

21  Court has so ruled.

22  1.7      The Defendants may wish to appeal that ruling. This is the wrong forum to do so.

23  Where, as here, there is no subject matter jurisdiction,the Court must remand.

24

25            2. THE SAME CLAIMS MAY NOT BE THE SUBJECT OF MORE THAN

26                ONE ACTION IN THE SAME COURT.

27  2.1      Consider Walton v. UTV, 776 F.Supp. 1399 (1991 N.D.Cal): "Well established federal

28  and California law forbid plaintiff from splitting a single claim for relief against defendants by

29  making it the subject of more than one action in the same court.... The duplicate Title VII claim

1  filed in Walton II should, for purposes of sorting out the federal-state jurisdictional questions,

2  be deemed a nullity, as the claim is already contained in the vessel of Walton I."

3  2.2       Removal of the present case would create a duplicate case in the same Federal Court.

4  One is enough. Remand is called for.

5

6               3. ROSENBERG CANNOT PROSECUTE HIS CASE IN THIS FEDERAL

7               DISTRICT COURT. IF HE CANNOT PROCEED IN STATE COURT HIS

8               CLAIMS CANNOT BE HEARD ANYWHERE.

9  3.1       Rosenberg is indigent. His indigent status has been recognized by the State Court which

10  is what makes it possible for him to prosecute his case there. In the 1/4/07 ruling(above) he was

11  denied indigent status for this case. Accordingly, he is financially unable to proceed. To

12  remove this case today is to dismiss it tomorrow for inaction.

13  3.2       Rosenberg has a fundamental right of access to the courts. Removing this case from

14  State to Federal Court will deny him that right. Accordingly, the case should be remanded.

15

16               4. DEFENDANTS ATTEMPT AT REMOVAL IS NOT VALID BECAUSE IT

17               DOES NOT MEET THE 30 DAY REQUIREMENT OF 28 USC sec 1446(b)

18  4.1       Two defendants, Cornell Corporation and Maria Richard, were served with the

19  Summons and Complaint not later than 8/6/07 and the remaining seven defendants were served

20  not later than 8/14/07 (Notice of Removal, para 4).  Proof of Service for all defendants by the

21  Sheriff of San Francisco County is on file with the State Court. Defendants filed their notice of

22  removal in this Court on 9/12/07.

23  4.2       The procedure for removal is given in 28 USC sec 1446, section (b) of which requires

24  the notice of removal to be filed within 30 days after receipt by the defendant of a copy of the

25  complaint. Here, the defendant received both the summons and complaint not later than 8/6/07.

26  From 8/6/07 to 9/12/07 is more than 30 days. Accordingly, defendants action is untimely and

27  the case should be remanded to the Court from which it came.

28  4.3       "The right to remove a state court action to federal court ... [must] be invoked in strict

29  conformity with statutory requirements." ... "[F]ederal courts construe the removal statute

1  narrowly, resolving any doubts against removability." (Roy A. Somlyo v. J. Lu-Rob

2  Enterprises, Inc., 932 F.2d 1043 (1991 2nd Cir.) Here, statutory requirements prevent removal

3  and point plainly toward remand.

4

5           5.. DEFENDANTS SEARCH FOR SHELTER FROM THE 30 DAY .

6           REQUIREMENT IN THE SHADE OF THE SO-CALLED "LAST SERVED"

7           RULE FAILS AND REMAND REMAINS APPROPRIATE.

8  5.1     This case involves multiple defendants served on different days. Defendants assert that

9  the 30 day period for removal begins on the day the last defendant was served. Defendants cite

10 Ford v. NUMMI, 857 F.Supp. 707 (N.D. Cal. 1994) in support of this "last served" rule. In fact,

11 the phrase "last served rule" does not appear in Ford. But the phrase "first served rule" does.

12 5.2     Here is what the Defendants' own case (Ford) has to say: "the majority of published

13 decisions have found that in multi-defendant actions, the thirty-day time period for removal

14 commences for all defendants when service is accomplished on the first-served defendant.

15 Once that thirty-day window of time for removal lapses, all defendants are barred from ·

16 removing the action". (Ford) The case lists a sampling of those opinions. The weight of legal

17 opinion supports Rosenberg's view that the Defendants' attempted removal was untimely and

18 remand is appropriate.

19 5.3     Still, Ford did make an exception and follow a so-called "last served rule". That is at

20 best persuasive authority. But not very persuasive. It failed to persuade the Court, a colleague,

21 in Innovacom v. Haynes, 1998 U.S. Dist. LEXIS 23111 (1998 N.D.Cal) "The majority rule,

22 and the rule to be followed here, provides that the 30-day removal period begins to run for all

23 defendants from the date the first of them receives the original complaint."

24 5.4     That the majority of relevant cases support Rosenberg's position is affirmed in United

25 Computer Systems v. ATT, 298 F.3d 756 (2002 9th Cir.) Here, the Ninth Circuit chose to

26 render no decision on which rule, first or last served, is correct. It has never done so nor has the

27 U.S. Supreme Court.

28 5.5     Courts tend to stray from the "first served rule" when the rule would be unfair to the

29 defendants. In United Computer Systems one defendant was improperly joined. There the

1  Court  was worried that some defendants would lose their right to remove the case before they

2  were even aware the case existed. In <u>Ford,</u> the Court was peeved at a practice guide, "Federal

3  Civil Procedure Before Trial", which seemed to recommend serving the defendant least likely

4  to remove before serving the others so as to manipulate the removal process.

5  5.6      This case is distinguished from those cases. Here there is no unfairness to the

6  Defendants. Rosenberg never attempted to gerrymander service. The two defendants served

7  first are the employer and boss of the remaining five defendants.  The five knew or should have

8  known about the case at the same time as the two. All defendants have the same attorney. The

9  attorney didn't start work on the case any later for the five than for the two. There has been no

10  harm to any defendant. The defendants have claimed no harm and it is too late for them to raise

11  such claim. There is no reason to depart from majority legal opinion that the "first served rule"

12  is correct. This case should be remanded to State Court.

13

14            6. DEFENDANTS' FILINGS ARE INCOMPLETE, HENCE INVALID, AND

15            JUSTIFY REMAND

16  6.1      Rosenberg filed a "Request for Entry of Default" in State Court and served same upon

17  Defendants before Defendants filed their "Notice of Removal". Defendants have not included a

18  copy of that Request along with their Notice as required by 28 USC sec 1446(a) ( "together

19  with a copy of all process, pleadings, and orders served  upon such defendant.... ") Furthermore,

20  Defendants have supplied a copy of the Summons served on one Defendant but not the

21  Summons served on all the others.

22  6.2  .   Defendants have not complied with FRCP sec 7.1(a and b).

23  6.3      Defendants have not supplied Rosenberg with the required ADR brochure nor Case

24  Management Statement.

25  6.4      Remand may be requested for "any defect" in removal filing (28 USC sec 1447(c)).

26  6.5      Defendants may not amend their filing because the 30 day limit for their filing has

27  passed.

28  6.6      The requirements of 28 USC sec 1446(a) are mandatory and jurisdictional according to

29  <u>Kisor v. Collins</u>, 338 F.Supp.2d 1279, (N.D. ALA 2004) a case where, as here,

1  defendant/removers failed to follow 28 USC sec 1446(a) by not supplying specified documents

2  along with their removal filing. The Court construed the statute strictly against the removing

3  parties, as it should. Their case was remanded. This case should be, too.

4

5            7. ALL DEFENDANTS WERE SERVED WITH SUMMONS AND

6            COMPLAINT ON MAY 24, 2007, REMOVAL IS NOT TIMELY,

7            REMAND IS APPROPRIATE.

8  7.1     Rosenberg served all defendants by mailing to each on 5/24/07 a copy of the Summons,

9  the First Amended Complaint, the ADR materials, two copies of a Notice of Receipt and

10 Acknowledgment, and a stamped, self addressed envelope according to the procedures of

11 California CCP sec 415.30 et seq for service of process. Had defendants returned their Notices,

12 service would have then been complete. Since none did, Rosenberg took further steps to

13 complete the service of process.

14 7.2     Defendants filed their Notice of Removal about three and a half months after they

15 received the Summons and Complaint. Their removal was untimely. The case deserves to be

16 remanded.

17 7.3     Defendants will claim the 30 day clock should not start to run until service is complete.

18 There is one statute and two cases that say otherwise.

19 7.4     First, 28 USC sec 1446(b) says the clock starts "after the receipt by the defendant,

20  through service or otherwise" of the complaint and summons. Rosenberg contends (below) that

21 his mailing constitutes service, but, if not, it certainly constitutes "otherwise".

22 7.5     Second, in Lofstrom v Dennis, 829 f supp 1194 (1993 N.D.Cal) the Court held that

23 incomplete or defective service was sufficient to start the 30 day clock. "The central question

24 presented by this motion is the proper interpretation of the 'or otherwise' language in *Section*

25 *1446(b)*, specifically whether to start the 30 day removal period upon actual receipt of the

26 complaint or upon completion of formal service.... After an examination of the relevant case

27 law, this Court is of the opinion that the better-reasoned position is to hold that the 30 day

28 period begins to run upon *actual receipt* of the initial complaint." (Lofstrom)

6Remand Motion 3:07-CV-04690-PJH      page 6

1 7.6    Third, there is <u>Murphey v. Michetti</u>, 526 US 344 (1999). There the Plaintiff faxed a

2 copy of the complaint only, no summons, to the Defendant. The Court said this wasn't enough

3 because it gave the Defendant no notice of when he must appear and defend. The present case

4 is different because both summons and complaint were mailed to all Defendants.

5 7.7    <u>Murphey</u> held as follows:

6 a named defendant's time to remove is triggered by:

7 (1) simultaneous service of the summons and complaint, or

8 (2) receipt of the complaint, "through service or otherwise," after and apart from service of the

9 summons,

10 (3) but not by mere receipt of the complaint unattended by any formal service.

11 7.8    While <u>Murphey</u> said that (1) or (2) triggered the defendant's time to remove, nowhere

12 does it say that only (1) or (2) may do that. Rosenberg contends that mailing the summons and

13 complaint serves as well. Note that this mailing is not excluded by (3) because there was more

14 than mere receipt of the complaint (there was receipt of the summons, too) and it was attended

15 by formal service outlined in California CCP sec 415.30 et seq.

16 7.9    Finally, even though the Defendants did not acknowledge receipt of the mailed

17 summons and complaint - indeed precisely because they did not - service, as that term was

18 understood in <u>Murphey,</u> was effected. Regarding service, <u>Murphey</u> said "Unless a named

19 defendant agrees to waive service, [service of] the summons continues to function as the sine

20 qua non directing an individual or entity to participate in a civil action or forgo procedural or

21 substantive rights." [bracketed words added] Here, mailing the summons and complaint,

22 unacknowledged by Defendants, with nothing further from the Plaintiff, caused the Defendants

23 to lose substantive rights. CCP sec 415.30(d) provides that the Defendant who does not

24 acknowledge receipt must pay the Plaintiff any costs incurred by Plaintiff who must take

25 further steps to complete service. And this is true regardless of whether Plaintiff is otherwise

26 able to recover costs in the case. Because the mailing caused the Defendants to lose substantive

27 rights, the mailing constituted a service under <u>Murphey</u>. Accordingly, service was effected

28 5/24/07, the Defendants' removal is untimely, and remand is warranted.

29

7Remand Motion 3:07-CV-04690-PJH    page 7

1         CONCLUSION

2       The removal statutes are construed strictly and to limit removal. Any defect in removal

3 effort is grounds for remand. Any doubts are resolved in favor of remand.

4       Remand is generally not reviewable. A finding of jurisdiction is.

5       Rosenberg has provided more than ample grounds for remand.

6       Rosenberg requests remand.

7       Rosenberg requests costs and expenses under 28 USC 1447(c) and that this award

8 appear in the order to remand.

9       If the Court denies this request for remand then Rosenberg requests the Court to

10 authorize interlocutory appeal under 28 USC 1292(b) in its order.

11

12                                 Respectfully submitted,

13                                    Jordan Rosenberg

14                                Plaintiff/Petitioner

15

Exhibit F



# Frequently Asked Questions (FAQ)

Question:
*What are the various fees in this Court?--Fee Schedule 7/6/06*

Answer:



FeeSchedSum-7-06.wpd

Please note that, unlike State Court, there is no fee for filing answers, motions, and other pleadings once the complaint has been filed.

This table represents fees effective 7/06/06 - Changes from 4/06 are for PACER fees

| | |
|---|---|
| Civil Case filing fee | $350.00 |
| Notice of Appeal filing fee | $455.00 |
| Habeas Corpus petition filing fee | $5.00 |
| Filing fee for civil action brought under Title III of the Cuban Liberty and Democratic Solidarity (LIBERTAD) Act of 1996 (this fee is in addition to $350 civil case filing fee) | $5431.00 |
| Filing or indexing any document not in a case or proceeding for which a filing fee has been paid (miscellaneous matter) | $39.00 |
| For every search of the records, per name or item searched (this fee shall be applicable to the United States if the information requested is available through electronic access) | $26.00 |
| For every search of court records conducted by the PACER Service Center | $26.00 |
| For certification of any document, whether made directly on the document or by separate instrument | $9.00 |
| For exemplification of any document or paper | $18.00 |

| | |
|---|---|
| For reproducing any record or paper, per page, whether from original documents or from microfiche or microfilm reproductions of original records (this fee shall apply to services rendered on behalf of the United States if the record or paper is available through electronic access) | $.50 |
| For printing copies of any record or document accessed electronically at a public terminal in the courthouse (this fee shall apply to services rendered on behalf of the United States if the record requested is remotely available through electronic access) | $.10 |
| For reproduction of recordings of proceedings, including cost of materials | $26.00 |
| For retrieval of a record from the Federal Records Center or National Archives | $45.00 |
| For a check paid into the court which is returned for lack of funds | $45.00 |
| For an appeal to a district judge from a judgment of conviction by a magistrate judge in a misdemeanor case | $32.00 |
| Power of attorney fee (per attorney, per company) | $39.00 |
| For admission of attorney to practice, including Certificate of Admission | $210.00 |
| For admission of an attorney pro hac vice | $210.00 |
| For a duplicate Certificate of Admission or Certificate of Good Standing | $15.00 |
| For remote electronic access to court records via a federal judiciary Internet site, per page, with the total fee per document not to exceed the fee for 30 pages, (Note: the electronic access fee shall apply to the United States; the 30-page fee limit shall not be applicable to transcripts of federal court proceedings; and, no fee will be charged to view documents at the courthouse.) | $.08 |

The Clerk shall assess a charge for the handling of registry funds deposited with the court, to be assessed from interest earnings and in accordance with the detailed fee schedule issued by the Director of the Administrative Office of the United States Courts.

Note: Fees are authorized by Title 28, USC, Sec. 1914 and Civil L.R. 11-1(d) and 11-3(c). Complete texts of federal court fee schedules are available at: http://www.uscourts.gov/library/courtfee.html

The Clerk's Office can only accept payment by exact change or check made payable to "Clerk, US District Court".

While the information presented above is accurate as of the date of publication, it should not be cited or relied upon as legal authority. It is highly recommended that legal advice be obtained from an attorney or legal association. For filing requirements, please refer to the **Federal Rules of Civil Procedure, Federal Rules of Evidence, US Code, Federal Rules of Criminal Procedure, Code of Federal Regulations**, and the Local Rules for the Northern District of California .