United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JORDAN ROSENBERG,

        Plaintiff,

vs.

CORNELL CORPORTION, INC.; MARIA RICHARD; MIKE REED; DORA FORD; JUDITH HENDERSON; MELODY DANIEL; and ROSE HUGHES,

        Defendants.

/

No. C 07-4690 PJH (PR)

**ORDER DENYING PLAINTIFF'S MOTION TO REMAND; SCREENING ORDER; DENIAL WITHOUT PREJUDICE OF DEFENDANTS' MOTION TO DISMISS**

        This is a civil rights case brought by a former federal prisoner against a corporation that runs a half-way house and against employees there. It was filed in state court originally, but defendants removed it to this court. Plaintiff has moved to remand to state court and defendants have moved to dismiss. The motion to remand will be denied, the court will conduct the screening required by 28 U.S.C. § 1915A(a), and the motion to dismiss will be denied.

**DISCUSSION**

**I.    Motion to Remand**

        Plaintiff moves to remand on several grounds.

        Plaintiff had a previous case in this court, C 07-0038-MJJ. He contends that it was the same case as this one. He says that his motions for (1) a temporary restraining order and preliminary injunction and (2) for leave to proceed in forma pauperis were denied for lack of subject matter jurisdiction. He therefore concludes that this court lacks subject matter jurisdiction over this case, and that it must be remanded to state court. *See* 28 U.S.C. § 1447(c).

        Plaintiff is incorrect that the court in the earlier case determined that subject matter

jurisdiction was lacking. Rather, it denied injunctive relief because plaintiff had not sufficiently *alleged* subject matter jurisdiction. The case was dismissed, however, for failure to prosecute, not for lack of subject matter jurisdiction. There was no holding that the court lacked jurisdiction.

Furthermore, plaintiff says in his complaint in this case that he is asserting a "*Bivens*" claim, which is a claim "arising under the Constitution . . . of the United States" and hence one over which this court has jurisdiction. *See* 28 U.S.C. § 1331. Whether or not the court had subject matter jurisdiction over the prior case, it does over this one.

Plaintiff also contends that this case cannot be maintained here because he cannot have two cases pending in the same court on the same claim. The prior case has long since been dismissed, so there are not two cases pending on the same claim. This basis for remand is without merit.

Plaintiff also contends that he cannot afford to pursue the case in this court because he was denied in forma pauperis status in C 07-0038-MJJ and fears he would be denied it here also. First, that he was denied IFP in the other case does not mean that he would be denied it for this case, were he to need it, because circumstances may have changed; if they have not, then he can afford to prosecute the case without IFP status. Secondly, because this case was removed the defendants have paid the filing fee, and because the defendants have been served, his concerns about cost of service are hypothetical.

Plaintiff also contends that the notice of removal was not timely. The removal statute provides that a defendant seeking to remove a case from state court must file a notice of removal within thirty days after "receipt by the defendant, through service or otherwise, of a copy of the initial pleading." 28 U.S.C. § 1446(b). Two of the defendants were served on August 6, 2007, and the other defendants were served on August 14, 2007. The notice of removal was filed on September 12, 2007. That is, the notice of removal was filed within thirty days of the last service, but more than thirty days after the first defendants were served. This starkly presents the question whether the thirty-day period for filing a

2

notice of removal starts from the date of service of the "first-served" defendant or the date of service of the "last-served" defendant. The Ninth Circuit has declined to express an opinion on which rule, "first-served" or "last-served," is the better. *United Computer Systems, Inc. v. AT&T Corp.*, 298 F.3d 756, 763 n.4 (9th Cir. 2002). In the same case it did, however, note that the "first-served" rule "has been apparently adopted by the majority of courts that have addressed the issue." *Id.* at 762.[1]

This issue has been discussed in at least two cases in this court, *Ford v. New United Motors Manufacturing, Inc.*, 857 F.Supp. 707 (N.D. Cal. 1994), and *Innovacom, Inc., v. Haynes*, 1998 WL 164933 (N.D. Cal. 1998).

In *Ford* the court adopted the last-served rule. 857 F.Supp. at 709. This was because there is nothing in the language or legislative history requiring the first-served rule; the requirement that all defendants consent to the removal (the "unanimity rule") does not require the first-served rule, because an earlier-served defendant can formally consent to removal if it is noticed by a later-served defendant; the interests of settling the forum early and avoiding forum shopping by defendants are not persuasive reasons for the first-served rule, because the plaintiff has considerable control over the timing of service; and the last-served rule prevents plaintiffs from manipulating the right of removal by serving first the defendant least likely to remove and then delaying service on other defendants. *Id.* at 709-10.

In *Innovacom* the court adopted the first-served rule, despite recognizing the potential unfairness to later-served defendants, because the last-served rule creates "significant uncertainty in jurisdiction" and generates "'redundant and unnecessary judicial action.'" 1998 WL 164933 at *2 (quoting *Higgins v. Kentucky Fried Chicken*, 953 F.Supp.

---

[1] The United States District Court for the Eastern District of California has, however, said that "it is not entirely clear to this court that the first-served interpretation constitutes the majority rule. While the majority of the published district court decisions have adopted the first-served rule, the body of published orders does not necessarily constitute a representative sample of actual decisions on this issue," and that "the last-served rule has been adopted by more appellate courts than the first-served rule." *Smith v. Mail Boxes, Etc.*, 191 F.Supp.2d 1155, 1159 (E.D.Cal. 2002).

266, 270 (W.D. Wisc. 1997). The court concluded that application of the first-served rule in that case created little chance of unfairness because plaintiff's case involved only one federal claim out of twenty-eight claims. *Id.*

The court concludes that the last-served rule is the better, for the reasons set out in *Ford*. This basis for the motion to remand is without merit. *See Smith v. Mail Boxes, Etc.*, 191 F.Supp.2d at 1160-62 (adopting last-served rule).

Plaintiff's other arguments are unpersuasive. The motion will be denied.

## II.  Screening

### A.  Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. Id. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .  Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (per curium) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential

elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.    Legal Claims**

Plaintiff says that his claims are *Bivens* claims, that is, claims that his constitutional rights were violated by Federal employees or those acting as agents of the federal government. *See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) (authorizing the filing of an action against individual federal employees by a citizen suffering a compensable injury to a constitutionally protected interest). Defendant Cornell Corporation is a private business that runs the half-way house in which plaintiff was housed, and the individual defendants are employees of Cornell.

Plaintiff presents ten claims in his amended complaint. In his first claim he asserts that his right of access to the courts was denied when defendant Ford frequently denied him permission to leave the half-way house to go to a library to research this case. Prisoners have a constitutional right of access to the courts, *Lewis v. Casey*, 518 U.S. 343, 350 (1996), but to state a claim they must allege "actual injury," *id.* at 350-55. This plaintiff has not done. This claim will be dismissed with leave to amend.

In his second claim, plaintiff contends that "defendants" twice caused the residents of the half-way house to line up outside next to a burning building. While this might state a claim for deliberate indifference to safety, plaintiff must amend to specify which defendants did what.

In his third claim, plaintiff says that defendant Hughes wrote a "complaint" about plaintiff's having moved away from the building in an evacuation that turned out to be a fire drill. He asserts that this violated his "civil rights." It does not appear that plaintiff would have any liberty interest in not being punished for violating a rule or order, nor does he allege any basis to conclude that he was denied due process. The allegations are not sufficient to plausibly allege the violation of a constitutional right. The claim will be dismissed with leave to amend.

5

In his fourth claim he contends that after performing the punishment duties imposed for the Hughes complaint, defendant Reed told him that he could not have credit for having done so because his performance of the duties had not been recorded. Reed then forced him to perform more duties, which he says also were not recorded. He contends that "arbitrary and unlimited punishment" violated his civil rights. There are no facts alleged which suggest that he had a constitutional right to be free of such treatment; it simply is not the case that every unfairness is a constitutional violation. All the same, it may be that he can allege additional facts, such as regulations limiting punishment or requiring proper recording of them, which would state a claim. This claim will be dismissed with leave to amend.

In his fifth claim, plaintiff contends that "Cornell" confiscated his medications. A private corporation under contract with the Bureau of Prisons cannot be held liable under *Bivens*. *Correctional Services Corp. v. Malesko*, 534 U.S. 61, 63 (2001). He has failed to state a claim against Cornell, but he might be able to allege facts that would state a claim against one or more individuals. This claim will be dismissed with leave to amend.

In this claim he also contends that defendant Reed told "staff" to ignore his request to return the medicine and to return it "at your leisure." Aside from the fact that these allegations conflict, plaintiff has not specified the medication or the condition for which he required it. It is true that deliberate indifference to a serious medical need violates the Eighth Amendment, but plaintiff has not alleged a serious medical need. This claim will be dismissed with leave to amend.

In his sixth claim, plaintiff claims that his room had bedbugs, "Cornell" failed to eradicate them, and that when he attempted to use his own spray on them, "Cornell" confiscated it. Again, plaintiff cannot sue Cornell under *Bivens*, and unless the situation was such as to threaten plaintiff's health, it would not be an Eighth Amendment violation. This claim will be dismissed with leave to amend.

In his seventh claim, plaintiff contends that defendants Henderson, Daniel, Ford and Reed miscalculated his recreation time, denied him two hours of such time, and refused to

6

correct the error. There is no constitutional right to a correct calculation of recreation time, and a deprivation of just two hours could not threaten plaintiff's health. This claim will be dismissed without leave to amend.

In his eighth claim, plaintiff contends that defendants Henderson and Daniel were supposed to assist residents in finding jobs, but would not let plaintiff go to the library to review job listings in the newspaper or on the internet. He also asserts that they concealed from him the names of employers who "commonly hire Cornell residents" until "late in the game." He asserts that as a result he was unable to find full-time work, although he did find part-time jobs, and so did not meet Cornell's requirements and was "punished." He contends he is entitled to "receive all the assistance that staff can provide." The court is unaware of any such constitutional requirement, but it may be that under some set of facts plaintiff could state a claim. This claim will be dismissed with leave to amend.

In his ninth claim, plaintiff contends that defendant Ford would not give him permission to purchase "hygiene items." He contends that denying his requests without a reason violated his rights. Again, it not obvious that it violates the constitution to restrict such purchases, but it might be that he could state a claim if the limits somehow threatened plaintiff's health. This claim will be dismissed with leave to amend.

In his tenth claim, plaintiff contends that "Cornell" subjected him to arbitrary treatment not provided in the house's "rules and regulations" and did not treat him the same as other residents. As discussed above, plaintiff cannot pursue a *Bivens* claim against Cornell. This claim also lacks specificity, but it might be that under some set of facts it would state a claim against individual defendants. It will be dismissed with leave to amend.

**III.   Motion to Dismiss**

Defendants have moved to dismiss. As a result of the screening performed above, plaintiff will either file an amended complaint that cures the deficiencies noted above, or the case will be dismissed. The motion to dismiss therefore will be denied without prejudice to its renewal, either by reference, if the present motion remains applicable to the new complaint, or by new motion if plaintiff files an appropriate amended complaint. In view of

7

1 the denial of the motions to dismiss, plaintiff's request for a continuance to file his
2 opposition is denied as moot.

### CONCLUSION

1. Plaintiff's motion to remand to state court (document number 6 on the docket) is **DENIED**.

2. For the reasons listed in the section headed "Screening," claim seven is **DISMISSED** without leave to amend.  The other claims are **DISMISSED** with leave to amend, as indicated in the discussion of each claim, within thirty days from the date this order is entered.  The amended complaint must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page.  Because an amended complaint completely replaces the original complaint, plaintiff must include in it all the claims he wishes to present.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).  He may not incorporate material from the original complaint by reference.  Failure to amend within the designated time will result in the dismissal of the case.

3. Defendants' motion to dismiss (document 10) is **DENIED** without prejudice to renewing it if plaintiff files an amended complaint.

4. Plaintiff's motion for a continuance to file his opposition to defendants' motion to dismiss (document 20) is **DENIED** as moot.

5. It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated:  September 30, 2008.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\CR.07\ROSENBURG4690.DWLTA.wpd

8