UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JORDAN ROSENBERG,

    Plaintiff,

vs.

CORNELL CORPORTION, INC.; MARIA RICHARD; MIKE REED; DORA FORD; JUDITH HENDERSON; MELODY DANIEL; and ROSE HUGHES,

    Defendants.
                                             /

No. C 07-4690 PJH (PR)

**ORDER DENYING PLAINTIFF'S MOTION TO REMAND, GRANTING MOTION TO QUASH, AND DENYING MOTION FOR ENTRY OF DEFAULT**

       This is a civil rights case brought by a former federal prisoner against a corporation that runs a half-way house and against employees there. It was filed in state court originally, but defendants removed it to this court. Plaintiff's motion to remand to state court was denied and the complaint was screened pursuant to 28 U.S.C. § 1915A(a). One of plaintiff's ten claims was dismissed without leave to amend and the other nine were dismissed with leave to amend. A motion to dismiss by defendants was denied as moot in light of the screening.

       Plaintiff has filed a second amended complaint, and also has moved to "quash" the screening order, to remand to state court, for entry of default, and for leave to amend his motion to quash.

       In his motion to remand plaintiff says that in his second amended complaint he deleted some federal grounds and that those claims which now have only a state-law basis should be remanded. The propriety of removal is determined solely on the basis of the pleadings filed in state court. *Williams v. Costco Wholesale Corp.*, 471 F.3d 975, 976 (9th Cir. 2006) (per curiam). The motion to remand (document number 29 on the docket) is **DENIED**.

Plaintiff moves to vacate or "quash" the screening order on grounds he was not a "prisoner" as that term is defined in 28 U.S.C. § 1915A(a) at the time he filed the complaint. The motion is signed under penalty of perjury, so is evidence of the facts alleged in it. Defendants have not opposed the motion, so there is no opposing evidence.  Although in the original complaint filed in state court plaintiff said that "[p]laintiff Rosenberg has since 10/24/06 resided at defendant Cornell's halfway house . . . ," which certainly suggests that he was then in custody and living in a halfway house, the address on the complaint is that of a private apartment complex.  The first amended complaint, which also was filed in state court, speaks of his having resided at the halfway house at all relevant times, but is silent as to his status at the time it was filed.

In view of the undisputed evidence that plaintiff was not a prisoner when he filed in state court, the motion (document number 25) is **GRANTED** and the screening order is **VACATED**.  *See Page v. Torrey*, 201 F.3d 1136, 1140 (9th Cir. 2000) ("only individuals who, at the time they seek to file their civil actions, are detained as a result of being accused of, convicted of, or sentenced for criminal offenses are 'prisoners.'"

In his motion for leave to amend his motion to quash, petitioner brings the *Page* case to the court's attention.  The motion (document number 35) is **DENIED** as unnecessary.

Defendants object to plaintiff's motion for entry of default on grounds that the court has not yet screened the second amended complaint.  Because the court screened the first amended complaint, erroneously as it turns out, it is understandable that defendants would expect it to screen the amended complaint. The motion (document 31) is **DENIED**.

This case is no longer on the prisoner track.  Defendants shall file an answer to the second amended complaint, treating the date of this order as the date of service.  A scheduling order will be forthcoming.

**IT IS SO ORDERED.**

Dated: August 27, 2009.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\CR.07\ROSENBURG4690.QUASH.wpd